**STATE of Missouri, Respondent,**

v.

**Patrick HEISSLER, Appellant.**

No. 46835.

Supreme Court of Missouri,

Division No. 1.

June 8, 1959.

E. Wayne Collinson, Chinn & White, Turner White, Springfield, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant, Patrick Heissler, was charged with the commission of the offense of sodomy, per anus, with a "certain 11-year-old boy" specifically named in the information. Section 563.230 (all statutory references are to RSMo 1949, V.A.M.S.). A jury found the defendant guilty and fixed his punishment at imprisonment in the penitentiary for a term of seven years. Defendant has appealed from the ensuing judgment and here contends (1) that the State failed to prove that the venue of the crime was in Greene County, and (2) that Instruction No. 3 was erroneous. Since the defendant does not question the sufficiency of the evidence to sustain a conviction (except for venue), we deem it unnecessary to detail the loathsome occurrences that appear in the evidence in connection with the proof of the actual commission of the offense.

■ We will first consider the contention that there was no evidence to prove that the offense occurred in Greene County, Missouri. Since that point was specifically raised in the motion for new trial we will review it although we observe that the sufficiency of the evidence was not questioned at the trial by a motion for judgment of acquittal.

The prosecuting witness testified that he lived at 1124 Ethyl and attended York School; that on July 11, 1957, he had attended the show at Landers Theater; that he came out of the theater about 6 p. m. and was looking in the window of a nearby toy store when defendant approached him and asked if he "wanted to earn a dollar carrying boxes." The witness stated that he told defendant he did and they walked about three or four blocks down the street to where defendant's car was parked across the street from the Farmers Bank; that they got in the car and drove up past KYTV station to the divided highway; that they went down the divided highway about three blocks and turned off to the left on a rocky road and went about a block, then turned left again and went another block to a brown house and "turned in the driveway, backed up, and came back down and stopped halfway down this road"; that this point was in sight of the divided highway and it was at that place that the alleged offense was committed.

After the completion of the acts complained of the prosecuting witness was driven back into the city to a point near the home occupied by his uncle and grandmother. The prosecuting witness stated that he was let out of the car about ten minutes until seven and immediately went to his grandmother's home and told his uncle what had happened. The uncle, prosecuting witness, and the latter's mother drove to the police station and reported the incident, and then drove around looking for the defendant's car. A short time later they found a car which the prosecuting witness identified as the one driven by defendant and the location and license number of the car were reported to the police. The car had been moved by the time the police arrived and defendant was later arrested as a result of checking the license records which indicated that defendant was the owner of the car.

The prosecuting witness was examined by a physician about 8 p. m. on the day in question. The physician testified that his examination disclosed that an act of sodomy had occurred.

■ Instruction No. 1 required the jury to find that the offense charged was committed by the defendant "at the County of Greene and State of Missouri." It is true that no witness expressly stated that the scene of the offense was in Greene County. However, it is not necessary that venue be proved by direct and positive evidence. It is sufficient if the facts and circumstances in evidence reasonably support the inference that the offense was committed in Greene County. State v. Sanders, 106 Mo. 188, 17 S.W. 223; State v. West, 69 Mo. 401; State v. Hartwell, Mo.Sup., 293 S.W.2d 313.

We think that the evidence would reasonably support a finding that the prosecuting witness lived in Springfield and entered the car with defendant in that city and was returned to the same city after the offense was committed. The testimony discloses that after the prosecuting witness entered defendant's car they passed Station KYTV before arriving at the divided highway. We note that in the 1957–1958 edition of the Official Manual of the State of Missouri the location of Station KYTV is given as 999 West Sunshine Road, Springfield, and that the list of "Television Stations in Missouri" in said Official Manual contains only one station designated as KYTV. Moreover, after the prosecuting witness had been returned to the city the incident was immediately reported to the Springfield police and defendant's automobile was discovered in Springfield in less than an hour after he let the prosecuting witness out of the car. It was also shown that the boy was examined by a Springfield physician shortly after the offense was committed.

■ The foregoing factual statement also indicated that the offense was committed within a short distance of Springfield. We may take judicial notice of the location of cities, highways and various distances as they appear upon the maps of the Missouri State Highway Commission.

State v. Kenyon, 343 Mo. 1168, 126 S.W.2d 245; Holland v. Anderson, Mo.Sup., 196 S.W.2d 175. An examination of the most recent map will disclose that it is at least six miles from Springfield to the nearest (south) county line. Also, there is evidence in the record that the divided highway referred to in the testimony was Highway 166. The highway map shows that the divided portion of that highway does not extend to the county line and hence is located entirely in Greene County. It will be remembered that there was positive testimony that the divided highway could be seen from the place where the offense was committed.

We accordingly rule that there was sufficient circumstantial evidence from which the jury could reasonably have found that the offense occurred in Greene County, Missouri. State v. Hartwell, supra.

■■ Defendant did not testify. However, he presented a witness who testified that defendant was in "Mac's Tavern" from 6 to 8 p. m. on the date of the alleged offense. That testimony would be sufficient to support an alibi defense. The court gave Instruction No. 3 on the defense of alibi which contained an introductory sentence reading as follows: "The jury are instructed that the defendant alleges, as a defense in this case, an alibi; that is, he says he was not present at the time and place of the commission of the alleged crime, but was elsewhere." Defendant contends that the quoted portion of the instruction was erroneous because it amounted to a comment upon defendant's failure to testify. It is argued that the use of the words, "he says he was not present," when, in fact, defendant did not testify, invited the attention of the jury to the failure of the defendant to testify in the trial.

It is provided in Section 546.270 that the failure of the accused to testify shall not " * * * be referred to by any attorney in the case, nor be considered by the court

or jury before whom the trial takes place." In considering that mandate we have stated that " * * * our established practice is rigidly to refrain throughout the trial from any reference to the defendant's failure to take the witness stand." State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 455. However, we have concluded that the instruction complained of did not constitute a reference to the failure of defendant to testify. The jurors, of course, were aware of the fact that defendant had not availed himself of the right to testify and hence we think they would reasonably have considered the word "says" as synonymous with the words "claims" or "contends." Moreover, we observe that a party in a case may speak either in person or by counsel. While the opening statement of defendant's counsel is not included in the transcript, we think it is reasonable to assume that defendant, through his counsel, did "say" to the court and jury that the evidence would show that defendant was not present at the time and place of the alleged commission of the crime. For the reasons indicated, we rule that Instruction No. 3 was not prejudicially erroneous.

The information is in proper form and charges the crime of sodomy in substantially the same language as was used in the information we approved in the case of State v. Rutledge, Mo.Sup., 267 S.W.2d 625. We have examined the record and find no error in regard to other matters not required to be preserved in the motion for new trial or presented in the brief.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.