**STATE of Missouri, Respondent,**

v.

**Lonnie LEIGH, Appellant.**

**No. 52423.**

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, C. H. Parsons, Jr., Sp. Asst. Atty. Gen., Dexter, for respondent.

Samuel B. Murphy, St. Louis, for appellant, Emanuel Williams, St. Louis, Assoc. Counsel, Cook, Murphy, Lance & Mayer, St. Louis, of counsel.

BARRETT, Commissioner.

In the language of the statute, RSMo 1959, Sec. 559.260, V.A.M.S., an indictment charged that on December 24, 1965, the appellant, Lonnie Leigh, committed an assault upon Carolyn, eleven years old, and "did then and there unlawfully and feloniously rape, ravish and carnally know."

In brief, as the jury could reasonably find, these were the circumstances in which the jury found the appellant guilty and fixed his punishment at eight years' imprisonment. Carolyn lived at 2629 Clara Avenue, in an apartment on the corner of Clara and Kennerly. On December 24, 1965, after dark, Carolyn's mother sent her to the neighborhood grocery, "two corners" from home, to exchange Irish potatoes for sweet potatoes. Carolyn made the exchange and after she came out of the store the ap-

pellant Leigh grabbed her, placed a sack over her head and, with a knife "against my ear," started "running me down this alley," Carolyn screaming "Help me, somebody." He took her into "this house," forced her to remove her clothes and despite her screams ravished her. She dressed in the bathroom, ran home, and told her mother what "that man" had done. During her ravishment Carolyn saw the defendant and recognized him as one known to her and to her mother as "that man" because they had seen him frequently at 2630 Clara (across the street from 2629 Clara), the home of Edward Harold. The defendant, incidentally, was Harold's "sister's boy." As to the fact of her ravishment Carolyn was corroborated by the testimony of a doctor who examined her shortly after 9 o'clock.

One of the assignments of error briefed and argued here is that the court erred in permitting Carolyn "to testify repeatedly to a conclusion which was the ultimate issue that the jury was to determine." This objection refers to these questions and answers as to her identity of appellant: "Q. Now, Carolyn, are you absolutely positive? A. Yes, sir. Q. No doubt in your mind whatsoever? A. No, sir." There were no objections to these questions and it is urged that the assignment should be considered as plain error under Rule 27.-20(c), V.A.M.R. Aside from the fact that this line of examination does not fall in the category of manifestly inflammatory and improperly prejudicial material within the meaning of the plain error rule (the questions were not comparable to "Are you sure today beyond any reasonable doubt that this is the man who struck you?"), her identification was based on personal knowledge and observation and she "responded with an ordinary opinion not in any way invading the province of the jury." State v. Linzia, Mo., 412 S.W.2d 116, 120. Furthermore, in even these briefly narrated circumstances, the evidence supports the charge and the jury's verdict. State v. Ybarra, Mo., 386 S.W.2d 384; State v. Durham, Mo., 418 S.W.2d 23.

The other briefed and argued assignments of error relate to venue. It is urged that the state "failed to prove venue as to the alleged offense, thereby depriving appellant of a right guaranteed under Article I, Section 18(a) of the Missouri Constitution and the Sixth Amendment to the United States Constitution." In this connection it is said that the trial court "compounded" the error by its failure to instruct the jury that they "must find that the alleged offense was committed within the City of St. Louis." There were no objections whatever directed to these points in the trial of the cause and again it is urged that these assignments should be considered and held to entitle appellant to a new trial under the plain error rule. But, as indicated, these matters were not set forth in the appellant's motion for a new trial as they were in State v. Hartwell, Mo., 293 S.W.2d 313, 317–318. There were no motions directed to the indictment, there were no challenges to the court's jurisdiction, there were no objections to the instructions or to the proof on the score of venue and, of course, the precise place of the crime of rape, as with sodomy (State v. Heissler, Mo., 324 S.W.2d 714), particularly "carnal knowledge" of a child, is not in any sense an integral part of the offense as it may well be in some crimes, as filing a false income tax return with intent to evade the tax (State v. Poelker, Mo., 378 S.W.2d 491) or in uttering a forged instrument. State v. Hawkins, Mo., 361 S.W.2d 775, 778. While certain of the safeguards in the Sixth Amendment to the Constitution of the United States, for example, the right to a speedy trial, "apply to the States through the Fourteenth Amendment" (Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923), it has not been held or suggested by any court that the provision as to a trial by "a jury *of the State and district wherein the crime shall have been committed*" applies to or necessarily governs the venue of crimes in the several states. The provision in the Missouri constitution requiring a speedy trial by an impartial "jury of the county" is a personal privilege and may be waived. State v. Page, Mo.App., 186 S.W.2d 503, 507; 21 Am.Jur.2d Criminal Law, Sec. 401, p. 418; 22 C.J.S. Criminal Law § 176, p. 432. Venue in Missouri, and, incidentally in many federal offenses, has been governed by statute, at least since 1879. "Offenses committed against the laws of this state shall be punished in the county in which the offense is committed, except as may be otherwise provided by law." RSMo 1959, Sec. 541.030, V.A.M.S. And certainly as to crimes in which the precise place is not a significant factor in the offense "no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected * * * (8) For want of a proper or perfect venue; nor (9) For want of any venue at all." RSMo 1959, Sec. 545.030, V.A.M.S. Venue may be established by circumstantial evidence or inferred from the circumstances (State v. Garrett, Mo., 416 S.W.2d 116; State v. Heissler, Mo., 324 S.W.2d 714) but it is not necessary to go through that process here. In the particular circumstances of this case, any matter relating to venue not having been set forth and assigned as error in the motion for a new trial and not having been called to the trial court's attention in any manner the assignments are not reviewable as plain error upon this record. State v. Meiers, Mo., 412 S.W.2d 478, 481; State v. Kenyon, 343 Mo. 1168, 1180, 126 S.W.2d 245, 252; 92 C.J.S. Venue § 73, p. 772.

Accordingly, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.