**STATE of Missouri, Respondent,**

v.

**Henry JONES, Jr., Appellant.**

**No. 54925.**

Supreme Court of Missouri, Division No. 1.

July 13, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Donald J. Meyer, Clayton, for appellant.

SEILER, Presiding Judge.

Defendant appeals from a judgment of conviction for armed robbery. The sentence was fixed by the court, Sec. 556.280, RSMo 1959, V.A.M.S., being applicable, at 20 years' imprisonment.

The appeal involves contentions of trial error: first, a claim of failure to prove venue; second, error in the state's not

producing two witnesses listed on the indictment, and, third, error in the prosecutor's closing argument.

According to the state's evidence there was a robbery and it took place this way: two men were playing pool at Joe's Pool Room at 4239 Delmar. Defendant entered and wanted someone to play with him. One of the two men, Julius Terrell, accepted the challenge. Defendant broke but failed to make any balls. Terrell then proceeded to run the table without a miss and, of course, won the game. Instead of fixing the table for another game, defendant pulled a gun out of his back pocket, pointed the weapon at Terrell and forced him to give him all the money he had in his pockets, approximately $78.00. Defendant then ran out the front door of the pool hall. Terrell and two others started chasing defendant in an automobile, ran across him within a few blocks, were able to call two detectives who were in the vicinity in a car, pointed out defendant, and the detectives arrested him.

Defendant's version was that while admittedly in the pool hall, he was actually there shooting dice with Terrell and others on one of the pool tables, won all their money, and then an argument started over whether defendant had rolled his point or whether it was some other number. Terrell threatened defendant with a pool cue. Defendant pulled out his pistol and then left the premises.

■ As to the first point about failure to prove venue (there being no direct testimony in the record that 4239 Delmar is an address in St. Louis, Missouri), the point has not been preserved for appellate review in that it was not specifically set forth in the motion for new trial,[1] State v. Leigh (Mo.Sup.) 423 S.W.2d 690; State v.

Kenyon, 343 Mo. 1168, 126 S.W.2d 245; State v. Page (Mo.App.) 186 S.W.2d 503, and is therefore overruled.

■ As to the second point, there were five witnesses endorsed on the indictment. The state called three of these, but did not call Mark Johnson, who was the man playing pool with Julius Terrell just before defendant arrived, or Detective James Schultz, who was one of the two detectives who made the arrest. Defendant argues that while the prosecution accounted for the absence of Detective Schultz, it being shown that Schultz was on vacation, it did not account for the absence of Mark Johnson, who the other state's witness, Julius Terrell, testified was an eyewitness to the robbery. Defendant cites no authority holding it is error for the state not to call all the witnesses listed on the indictment or account for their absence. Defendant makes no contention that he was not aware of the identity or addresses of the witnesses or that the state is concealing evidence which it knows to be favorable to defendant or in any way interfering with defendant's access to the witnesses. The state is not invariably required to call to the stand every witness listed on the indictment, State v. McAfee, 148 Mo. 370, 50 S.W. 82; State v. Kinne (Mo.Sup.) 372 S.W.2d 62; State v. Eaton (Mo.Sup.) 302 S.W.2d 866, and defendant has shown no reason why the failure to do so here was error, much less prejudicial error. The point is overruled.

■ The point on closing argument is that the prosecutor made a prejudicial misstatement of fact to the effect that defendant had testified he was in the pool hall for one hour. The prosecutor did not actually quote defendant as saying he had been in the pool hall for an hour. What happened was that the prosecutor, in argu-

---

1. If the matter were before us on the merits, however, we would hold that under the decisions and the evidence in the record, which we see no need to recite under the circumstances, the jury could find that the offense occurred in the City of St. Louis and State of Missouri, as

charged in the indictment and as required to be found by the jury in instruction No. 2, State v. Garrett (Mo.Sup.) 416 S.W.2d 116; State v. Heissler (Mo.Sup.) 324 S.W.2d 714; State v. Hartwell (Mo.Sup.) 293 S.W.2d 313.

ing against defendant's story that he had been in the pool room for quite some time shooting dice, was pointing out the evidence showed that defendant entered the pool hall about 7:15 p. m. and he was arrested by the detectives some two or three blocks away about 7:30 p. m.; that this was inconsistent with all the throwing of dice defendant contended went on during the time he was in the pool hall; that if it had happened as defendant claimed, he could not have been arrested before somewhere around 8:15 to 8:40 p. m. The record shows that defendant agreed he entered the pool hall around 7:15 p. m. According to his testimony he was in there somewhere between 40 to 50 minutes. There was no objection to the final argument, but even if there had been, there would have been no basis for sustaining an objection such as now made. The point is overruled.

Judgment affirmed.

All concur and ROGERS, Special Judge, concurs.