STATE of Missouri, Respondent,

v.

Felton James RILES, Appellant.

No. 55995.

Supreme Court of Missouri, Division No. 1.

Nov. 8, 1971.

Rehearing Denied Dec. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, St. Louis, for respondent.

James C. Jones, III, St. Louis, for appellant.

HIGGINS, Commissioner.

Felton James Riles, with two prior convictions for robbery, first degree, with a dangerous and deadly weapon, was convicted by a jury of attempted robbery, first degree, by means of a dangerous and deadly weapon. The court assessed defendant's punishment at ten years' imprisonment and rendered judgment and sentence accordingly. §§ 556.280, 556.150, 560.120, V.A.M.S.

Appellant does not question the sufficiency of evidence to sustain the conviction, and a jury reasonably could find that:

On October 3, 1969, at about 8:00 p. m., Martin Parry left his apartment at 470 Lake Avenue, St. Louis, Missouri, to put his automobile, parked in front of his apartment, into the garage. His wife, Margaret, went to the front door to watch him. Defendant approached and asked Mr. Parry for a match. He did not have a match and called to his wife to learn if she had one. She had some matches in her car, parked in front of Mr. Parry's car, and went toward it to get them. In the meantime, Mr. Parry went to his car to obtain the cigarette lighter for defendant to use. He then noticed that defendant was pointing a gun at him and demanding money. Mrs. Parry returned from her automobile and was also brought under gun point by defendant, along with a demand by defendant that she make her husband give him money. The Parrys' daughter, noticing these events from the apartment window, shouted to defendant to leave them alone. Defendant then ran from the premises, police were called, and the Parrys and the police searched for and found defendant nearby on Waterman Avenue. Officers Maugeri, Mueller, and Thompson stated that defendant, after warnings as to his rights, admitted that he demanded money from Mr. Parry.

The substitute information upon which defendant was tried, after alleging two prior felony convictions, charged that defendant, "with force and arms by means of a deadly weapon * * * in and upon one MARTIN PARRY violently and feloniously did make an assault and by force and violence to his person, and by putting him in fear of an immediate injury to his person, did then and there violently and feloniously attempt to rob, steal, take and carry away the money and personal property of the said MARTIN PARRY from his person and against his will, * * * and in such attempt did then and there violently and feloniously ask for a match of the said MARTIN PARRY and pointing a pistol at the body of the said MARTIN PARRY and 'demand his money' but did then and there fail in the perpetration of such robbery, and was then and there prevented and intercepted in the execution thereof; * *."

Appellant contends it was error to submit a charge of attempted robbery under this information because (1) it charges defendant with the crime of assault; and (2) in charging both assault and attempted robbery, it is duplicitous.

Attempted robbery was the only offense for which the state sought conviction; it was the only charge submitted; and appellant tacitly concedes the information to be sufficient to charge attempted robbery.

An attempt to commit an armed robbery necessarily involves an assault by the weapon involved for purposes of the robbery attempt and the substance of the informa-

tion for purposes of charging attempted robbery by an assault by a gun has long been approved. See, e. g., State v. Newman, Mo., 289 S.W. 831; State v. Affronti, 292 Mo. 53, 238 S.W. 106, 109[1].

▪ Appellant's remaining contention is that the court erred in submitting to the jury the question "whether defendant was warned of his constitutional rights in connection with his alleged confessions or admissions."

This involves Instruction No. 4:

"You are instructed that before you may consider any statement made by the defendant while in custody you must find that while in custody defendant made the statement and that before doing so:

"First, the defendant was informed that he had a right to remain silent, and

"Second, the defendant was informed that anything he said could be used against him, and

"Third, the defendant was informed that he had a right to have counsel present at the time of questioning, and

"Fourth, the defendant was informed that if he could not afford counsel, counsel would be furnished without cost to him before any questioning for the purpose of having such counsel present at any questioning.

"If no counsel was present at the time the alleged statement was made by the defendant, the state must prove beyond a reasonable doubt that the defendant intelligently and understandingly waived the right to have counsel present at the time of the questioning."

In argument, appellant complains that the court's preliminary finding whether defendant's confession was voluntary was not made with "unmistakable clarity" as required by Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593.

It is conceded that the court accorded a full hearing on this issue prior to trial and that defendant adduced all his evidence in support of his motion to suppress. Following such hearing, the court found: "Under the testimony I have heard, there is sufficient evidence that the defendant was warned in connection with any statements he made to satisfy the requirements of voluntariness * * *."

It would be difficult to find with any more clarity in compliance with Sims v. Georgia, supra, than the quoted finding; it is unnecessary even to resort to implications to understand the court's determination. Cf., State v. Monteer, Mo., 467 S.W. 2d 48, 51.

Insofar as appellant's point is an attack on the instruction itself, suffice to say it is not a required instruction and its purpose is favorable to defendant because "once the confession is properly found to be voluntary by the judge, reconsideration * * * by the jury does not, of course, improperly affect the jury's determination of the credibility or probativeness of the confession or its ultimate determination of guilt or innocence." Jackson v. Denno, 378 U.S. 368, 378, fn. 8, 84 S.Ct. 1774, 1781, 12 L.Ed.2d 908.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., and FINCH, Alternate Judge, concur.

SEILER, J., dubitante.

BARDGETT, J., not sitting.