STATE of Missouri ex rel. Robert L.
TINDALL, Relator,

v.

Honorable William J. PETERS, Judge of Division 16, Circuit Court of Jackson
County, Missouri, Respondent.

No. KCD 27157.

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 2, 1974.

Application to Transfer Denied
Jan. 13, 1975.

Howard McFadden, Jefferson City, for relator.

Ralph L. Martin, Pros. Atty. and Robert Frager, Kansas City, for respondent.

ORIGINAL PROCEEDING IN
MANDAMUS

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Judge.

Relator Tindall was convicted by a jury of second degree murder in a trial conducted by the respondent circuit judge. That conviction was affirmed by this court on direct appeal in State v. Tindall, 496 S.W.2d 267 (Mo.App.1973).

Thereafter, Tindall filed a pro se motion to set aside the conviction under Rule 27.-26, V.A.M.R., on the grounds that: 1) the State had failed to prove venue; 2) he was entitled to a judgment of acquittal because of the failure of the State to prove venue; 3) the court failed to instruct the jury as to their right to pass upon the voluntariness of a statement made by Tindall during a custodial interrogation; and 4) the court abused its discretion in denying Tindall's election to stay imprisonment pending appeal. Respondent summarily denied that motion, the order reading as follows: "Pursuant to Rule 27.26, Subsection (e), the file and Motion and Transcript reveal that Movant is entitled to no relief. The Motion is, by the Court, denied."

Tindall thereupon filed in this court an application for mandamus to require respondent to set aside the quoted order, appoint counsel, hold an evidentiary hearing, and make findings of fact and conclusions of law. We issued an alternative writ, to which respondent has filed a return. A study of that return and the relevant case law has led us to the conclusion that the alternative writ was improvidently issued and should now be quashed.

## I.

■ The first two grounds of the 27.26 motion both go to the question of venue. Whether or not a belated collateral attack on venue can ever be made in a 27.26 proceeding, and if so under what circumstances, need not be explored nor decided in this case. (In that regard, see however State v. Leigh, 423 S.W.2d 690 [Mo.1968].) Under the particular facts here, the matter of venue was never and is not now

a genuine issue. The evidence at trial abundantly showed that all of the events in question occurred in Kansas City, Jackson County, Missouri. That fact affirmatively appears from the opinion of this court on the direct appeal. The challenge to venue now attempted by Tindall is completely frivolous.

With respect to this matter, the files and records of the case conclusively show that the prisoner is entitled to no relief, so that no hearing was required under Rule 27.-26(e); the motion presented no "questions of law or issues of fact," which would have required appointment of counsel under subsection (h); and there were no "issues presented" which would require findings of fact and conclusions of law under subparagraph (i). Hogshooter v. State, 514 S.W.2d 109, decided by Missouri Court of Appeals, Springfield District, September 12, 1974.

## II.

■ The next ground alleged in Tindall's 27.26 motion complains of the failure of the trial court to instruct the jury that they should determine the voluntariness of the oral statement given by Tindall to the police. Of course, errors in the giving or failure to give instructions cannot ordinarily be grounds for collateral attack in a proceeding under Rule 27.26. Brown v. State, 492 S.W.2d 762 (Mo.1973); Tucker v. State, 481 S.W.2d 10 (Mo.1972); State v. Smith, 411 S.W.2d 208 (Mo.1967).

■ Tindall seeks to escape that general rule and to enlarge the magnitude of the alleged error by arguing that the failure to submit this instruction deprived him of constitutional rights, citing Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908 (1964). That decision does not support Tindall's contention. *Jackson* holds that when the voluntariness of a statement is challenged, there must be a preliminary determination of that issue by the court before the statement can be ad-

mitted in evidence. However, *Jackson* does not require that there be a second determination of voluntariness by the jury. While each state is free to prescribe such a specific submission to the jury if it so desires, that is not a constitutional demand. As stated by Mr. Justice Black in his separate opinion, 378 U.S., l. c. 404, 84 S.Ct., l. c. 1795: "In other words, the Constitution now requires the judge to make this finding, and the jury's power to pass on voluntariness is a mere matter of grace, not something constitutionally required."

In accordance with that constitutional leeway, the Missouri rule does not mandatorily require submission to the jury of every issue as to the voluntariness of a statement made by an accused. A leading case on this subject is Jones v. State, 445 S.W. 2d 311, 314 (Mo.1969), where in considering a jury instruction concerning the disregarding of involuntary statements, the court ruled as follows:

> " 'The instruction is a cautionary instruction on a collateral issue, does not direct a verdict, and is not on an issue the court is required to instruct upon as part of the law of the case under Sup.Ct. Rule 26.02, 42 V.A.M.S. § 546.070(4) (citing cases).' State v. Stidham, supra, 305 S.W.2d 7, at page 17."

To the same effect: State v. Alewine, 474 S.W.2d 848, 853 (Mo.1971); State v. Riles, 473 S.W.2d 376 (Mo.1971). See also MAI–CR 3.44, with respect to which the Notes on Use state that this new standard instruction, regarding voluntariness of a statement by the defendant, must be given only if requested by one of the parties.

■ The instruction in question is therefore of no higher constitutional dignity than any other instruction. Any question as to the propriety of not giving this instruction can be nothing more than mere trial error which cannot be the subject of collateral attack under Rule 27.26. This point in Tindall's motion, therefore, raised no issue requiring the appointment of counsel, an evidentiary hearing or the making of findings of fact and conclusions of law.

### III.

As the final point in his 27.26 motion, Tindall complains of the trial court's denial of his election under Rule 28.10(4) not to commence service of his sentence during the interim between the time of conviction and the date of the determination of his appeal. Respondent argues persuasively that this complaint cannot be considered, since the grant or denial of the "election" by the specific terms of Rule 28 as amended in 1959 lies solely in the discretion of the trial court. Another obstacle to Tindall's contention is that the period, during which he claims a right to be in jail instead of the penitentiary, has long since expired, and all questions in this regard are now moot.

■ Regardless of those considerations, however, the complete answer to this point is that the whole purpose of Rule 27.26 is to review the procedures leading to and culminating in the sentence. Tindall's attempted election under Rule 28.10(4) of necessity came only after the sentence had already been entered. Any error in the court's action or inaction with respect to Tindall's attempted election could have nothing to do with the sentencing itself and, therefore, cannot come within the scope of a collateral attack on the sentence permitted under Rule 27.26.

Since this point in Tindall's motion raised no issue cognizable in a 27.26 proceeding, it did not call for the appointment of counsel, the holding of an evidentiary hearing or the making of findings and conclusions.

The preliminary writ of mandamus is quashed.

All concur.