STATE of Missouri, Plaintiff-Respondent,

v.

Walter Eugene MORSE, Defendant-Appellant.

No. 10124.

Missouri Court of Appeals, Springfield District.

Sept. 29, 1976.

Paul Crider, Jr., Public Defender, John D. Wiggins, Asst. Public Defender, 25th Judicial Circuit, Rolla, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before HOGAN, P. J., FLANIGAN, J., and CAMPBELL and PYLE, Special Judges.

ROBERT LEE CAMPBELL, Special Judge.

Defendant was convicted by a jury of the offenses of burglary and stealing and was sentenced by the court pursuant to the provisions of the Second Offender Act, § 556.-280, RSMo 1969, V.A.M.S., to a term of four years in the custody of the Missouri Department of Corrections on each charge, said sentences to be served concurrently. By special order we allowed late filing of a notice of appeal. We have examined the transcript, reviewed defendant's allegations of error on appeal, and find no error. We affirm.

On August 14, 1973, at approximately 2:00 a. m., while parked off of Highway V about 200 feet south of defendant's residence, Trooper Larry Owen of the Missouri State Highway Patrol observed defendant's pickup truck with camper attached approaching from the north without headlights. Trooper Owen immediately started his own vehicle to intercept defendant. Defendant pulled into his driveway before reaching the trooper. Trooper Owen approached defendant's residence from the opposite direction and pulled into the driveway behind defendant. Trooper Owen advised defendant he was under arrest for driving without headlights and went back to his patrol car to obtain a summons. On

the way back, he shined his flashlight into the rear of defendant's camper and observed a large commercial air conditioner and a cooling unit described as an "A" coil. Defendant was taken into custody and a wrecker towed defendant's pickup truck to State Highway Patrol Headquarters.

The officers of the Missouri State Highway Patrol observed through the rear window of defendant's camper that the air conditioner was a Heil Quaker model and through excellent police investigation contacted the manufacturer to determine if any such air conditioner had been sold in the area of defendant's arrest. The officers were advised that such an air conditioner had been purchased by the Liberty Church of Christ at Belle, Missouri. Prompt investigation disclosed that between Sunday evening, August 12, and defendant's arrest on August 14, the air conditioner had been stolen from the church. In addition, the padlock had been broken off of the rear window of the church and the "A" coil removed from the basement of the church. Upon learning of the burglary and theft of the air conditioner from the church, the troopers obtained a warrant, searched defendant's truck and seized the air conditioner, all within hours of defendant's arrest. Tire tracks at the scene where the air conditioner was stolen matched one of the front and one of the rear tires of defendant's pickup truck.

At the outset, defendant strenuously contends that the air conditioner and all evidence relating thereto should not have been received in evidence over his objection, for the reason that the court erred in overruling his motion to suppress such evidence prior to trial. At the hearing, defendant admitted that he was operating his motor vehicle without lights, stating that "it was a moonlight night. It was just like day."

■ Defendant concedes that if the arrest for driving without headlights had been made on the public highway, the troopers had the right to impound his motor vehicle; however, defendant argues that he was arrested by pretextual arrest and that the seizure of his motor vehicle was beyond the statutory power of seizure granted to the highway patrol in § 43.200, RSMo Supp. 1973, V.A.M.S. Said statute provides "that the members of the patrol shall have the power of search and seizure on a public highway of this state, or off the public highways of this state as an incident to an arrest made following a hot pursuit from a public highway." Defendant contends that the trooper was not in hot pursuit at the time of defendant's arrest. We hold that under the facts, the trooper was in hot pursuant and could seize and impound defendant's motor vehicle. Having so held, we need not rule on the trooper's right to search the vehicle at the scene based upon, inter alia, his knowledge of defendant's prior criminal activities, defendant's operating his camper up the highway and into his driveway at 2:00 a. m. without headlights, and the presence of a large commercial type air conditioner plainly visible through the window of the camper.

■ Defendant next contends that the court erred in permitting Lieutenant Tinnin of the State Highway Patrol to give his opinion that photographs taken by him of the tire tracks at the scene of the burglary matched the tires on defendant's truck. Lieutenant Tinnin had thirteen years of experience in taking pictures of car tracks and comparing them to various tires. The admission of such expert testimony was within the discretion of the trial court. *State v. Brown,* 291 S.W.2d 615, 619[5, 6] (Mo.1956).

■ Defendant contends the court erred in failing to grant his request for mistrial following improper closing argument. The court did not err in failing to grant a mistrial when the prosecutor argued that "this is a burglary from the House of God," and "Thou shall not steal." Defendant's objection to such jury argument was sustained and the jury was admonished to disregard such argument. Defendant obtained more relief than he deserved. He certainly was not entitled to a mistrial. *State v. Heinrich,* 492 S.W.2d 109 (Mo.App.1973), cited by defendant, has no application to such closing argument.

The prosecutor's argument that there was "no evidence to the contrary" was not a comment on the failure of the defendant to testify in violation of Rule 26.08, V.A.M.R. Although the prosecutor repeated statements to this effect several times, each statement was related to specific evidence of the State. The prosecutor did not connect such statement with the defendant or his failure to testify. In *State v. Craig*, 406 S.W.2d 618, 624[12] (Mo.1966), it was pointed out that such argument has been ruled many times not to be an improper comment on defendant's failure to testify. By way of caution, a trial court should always preclude such argument if it could in any way be inferred as a comment upon defendant's failure to testify.

Defendant's fifth and final point is that the court erred in failing to grant a mistrial when certain jurors admitted having heard a radio broadcast on the morning previous to trial which disclosed that defendant was being brought from the penitentiary for trial. On the record before us, there is no question or answer of any juror which would indicate to the trial court that prejudice might result if a mistrial were not declared. Defendant relies upon the footnote in *State v. Keeny*, 431 S.W.2d 95, 97, n. 2 (Mo.1968), referring to a publication of information so close to the time of trial that the inadmissible details would still be fresh in the minds of the jury panel. In this case, no details were included in the news broadcast, and there is no record before us to indicate that any juror would be prejudiced by reason of the news broadcast. The published information in the *Keeny* case was a far cry from the simple comment before us.

Pursuant to Rule 28.02, V.A.M.R., we have examined the indictment, verdict, judgment and sentence, which are sufficient. Although we do not condone the lack of specificity at the time of allocution and formal sentencing, the court's assessment of sentence immediately after verdict was explicit and explained in detail. The assessment of sentence was "four years in the Missouri Department of Corrections for the crime of burglary in the second degree and four years in the Missouri Department of Corrections on the crime of stealing; said sentences imposed this date to run concurrent with each other. However, said sentences imposed this date to run consecutively with the sentence imposed in the *Shannon County* case . . . ." At the time of pronouncement of sentence, the trial court should have pronounced the sentence in the same explicit detail as pronounced at the time of assessment of sentence.

Finding no error, the judgment and sentence is affirmed.

All concur.