**STATE of Missouri, Respondent,**

v.

**William Louis QUILLUN, Appellant.**

**No. KCD 29396.**

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Motion for Rehearing and/or Transfer Denied Aug. 28, 1978.

---

1. See also *State ex rel. State Highway Commission v. Dunn,* 569 S.W.2d 353 (Mo.App.1978).

David M. Strauss, Public Defender, David Doak, Asst. Pub. Defender, Bill Reeves, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

William Quillun was convicted of rape, § 559.260, RSMo.1975 Supp., and sodomy, § 563.230, RSMo.1969. The court fixed sentence under the Second Offender Act at twenty years imprisonment on the rape charge and five years imprisonment on the sodomy charge, the sentences to run consecutively.

On this appeal Quillun alleges error in that (1) the State did not prove venue; (2) he was denied the right to testify; (3) he was denied effective assistance of counsel; (4) the prosecutor referred in argument to his failure to testify, and (5) the court refused to excuse a venireman for cause. Affirmed.

Quillun does not question the sufficiency of the evidence to convict him. Briefly, the State produced evidence from which the jury could find that Quillun was a cab driver in Columbia. The victim called a cab to

9

take her to the bus station. The cab arrived with Quillun as the driver. Quillun took her to the bus station and she went inside to purchase a ticket. When the ticket agent told her the bus station was closing she returned outside and Quillun was still there. Quillun then inquired as to why she had left the station and she told him the station was closing because of the late hour and she had some time until her bus left. Quillun then invited her to have a cup of coffee and ultimately drove to a remote spot where the acts charged were committed.

■ Quiliun first argues the State failed to produce sufficient evidence from which the jury could find the offenses occurred in Boone County. The victim testified Quillun took her outside of Columbia to an area known as Stone's Junkyard. An investigator for the prosecutor's officer testified the victim later took him to the scene of the crime. He stated the area was northeast of Columbia off of Mexico Gravel Road and north of such road. He said the area was commonly known as Stone's Junkyard. An official map of Boone County has been lodged with this court and shows Mexico Gravel Road to begin and end entirely within Boone County. It begins approximately three miles northeast of Columbia and runs approximately four miles in an easterly direction. It ends approximately one mile from the Callaway County line.

In *State v. Heissler*, 324 S.W.2d 714, 716[2] (Mo.1959) it was held that venue need not be proven by direct and positive evidence. The court stated venue may be satisfactorily shown if the facts and circumstances in evidence reasonably support the inference the offense was committed in the county alleged. *Heissler* further held courts may take judicial notice of the location of cities and highways. The only evidence in this case as to the location of the crime came from the investigator and placed it just north of Mexico Gravel Road. Because this road runs wholly within Boone County and undoubtedly was well known to the court and jury and because this road is several miles south of the north county line

of Boone County, the jury was entitled to infer that the offenses were committed in Boone County.

Quillun next contends he was denied the right to testify in his own behalf by his attorney and this resulted in a denial to him of effective assistance of counsel. Quillun claims his attorney at trial told him he would testify but claims his attorney abruptly rested Quillun's side of the case without calling Quillun as a witness. This matter was presented by different counsel than Quillun's trial counsel to the court in a motion for new trial. The court heard extensive evidence on this claim from Quillun, his attorney at trial, and other witnesses, including another lawyer unconnected with the case. Quillun's trial counsel testified he discussed the matter of Quillun testifying and pointed out that if he did the State would be entitled to show his four previous convictions, one of which was rape, and Quillun would also have to explain inconsistent statements he had made and the presence of seminal fluid on his tee shirt which the State had in its possession. He stated under these circumstances Quillun said he did not want to testify. Another lawyer stated Quillun's trial counsel had discussed the strategy of Quillun testifying and he heard Quillun tell his trial counsel he did not want to testify. When the motion for new trial was overruled, the trial court expressly found from the evidence presented that Quillun made a knowing decision not to testify and such decision was freely and voluntarily made. The court further found Quillun was not deprived of the effective assistance of counsel.

■ Normally a claim of ineffective assistance of counsel is not taken up on direct appeal. *State v. Hall*, 525 S.W.2d 364, 366, n.1 (Mo.App.1975). However, when the record on appeal contains sufficient facts to permit a meaningful review of the claim, then such review may be made on direct appeal. That situation exists in this case.

■ The burden was upon Quillun to prove his allegation that he had been denied the right to testify by his attorney and had thus been denied effective assistance of

counsel. *State v. Nolan,* 499 S.W.2d 240, 252[14–16] (Mo.App.1973). Here the trial court heard the witnesses on the questions presented and determined that Quillun had made a free and voluntary decision not to testify. This court is required to defer to the determination of the credibility of the witnesses made by the trial court unless it clearly and convincingly appears that the court has abused its discretion. *Bennett v. State,* 549 S.W.2d 585, 586[1, 2] (Mo.App. 1977). The finding of the trial judge is amply supported by the evidence and no abuse of discretion is charged or shown.

■ Quillun next charges the prosecuting attorney referred to Quillun's failure to testify. In his final argument the prosecuting attorney stated there was no evidence to the contrary to show that the events related by the victim did not happen; the jury had heard nothing to the contrary to contradict what the victim said; and the jury had heard no evidence to the contrary that what the victim said wasn't the absolute truth. It was pointed out in *State v. Morse,* 542 S.W.2d 365, 368[4] (Mo.App.1976) that the argument made by the prosecutor to the effect there was no evidence to the contrary has been held many times not to be an improper comment on the defendant's failure to testify. The comments made by the prosecutor in this case fall within that rule.

■ Quillun finally contends the court erred in failing to excuse venireman Spease because Spease was a member of the Coast Guard Reserve and as such had the power to issue citations for alleged violation of federal regulations. The voir dire of the jury panel was conducted by both the court and counsel for the State and Quillun. During the voir dire the court asked venireman Spease if there were anything about his experience of active duty with the Coast Guard that would cause him to be unable to listen to the evidence and base his verdict solely on the evidence. Venireman Spease answered in the negative. This was the only question directed to this venireman concerning the effect of his Coast Guard authority to sit as a juror in this case.

In *State v. Lovell,* 506 S.W.2d 441, 443–4[1–2] (Mo. banc 1974) the court said the trial court's ruling on challenges for cause "will not be disturbed unless it is so manifestly against the record of the voir dire examination as to show an abuse of discretion." No effort is made to show an abuse of discretion and based on the voir dire examination of this venireman no abuse is found in overruling the challenge for cause.

The judgment is affirmed.

All concur.