STATE of Missouri, Respondent,

v.

Robert LAUSUSE, Appellant.

No. 40237.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 28, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 15, 1979.

Richard A. Fredman, Fredman, Watkins, Fredman & Kopf, Robert C. Babione, Public Defender, Nick A. Zotos, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael L. Sullivan, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of assault with intent to maim with malice. He was sentenced by the court under the Second Offender Act to a term of twenty years in the Department of Corrections.

Defendant and the victim of the assault, Thelma Johnson, had previously dated and were spending the evening of June 4, 1977 with friends. The victim testified that at approximately 1:00 a. m., following time at several bars, she and defendant began walking toward her home when defendant asked that they go together to a motel. She refused and defendant then grabbed her by the arm. They continued walking; Ms. Johnson cooperated. When a car drove by, she ran into the street and began screaming. Defendant then grabbed her around the neck and pulled her away. She broke away a second time—after defendant had made her stop walking while he picked something up from the ground—and a struggle ensued. Defendant fell on top of her as they were running and began hitting her head. Ms. Johnson testified that she was struck more than five times, that she just felt "a pounding on [her] head" and that, at the time, she had no idea with what

she was being hit; just that she felt a pounding with a hard object. She testified that defendant later told her he had used a piece of glass. Following this eruption, victim and defendant continued to walk until Ms. Johnson became dizzy. While the two were sitting in Fairgrounds Park, the police arrived, having received information that a woman was being assaulted in the vicinity of the park at Fair Avenue and Natural Bridge. The police discovered Ms. Johnson crying, bleeding around the head and neck. Defendant was found with blood on his hands and pants. At first Ms. Johnson said nothing to the officers. Ms. Johnson related the entire episode when away from the defendant. The officers searched the area but discovered no blood-stained piece of glass.

Ms. Johnson was treated at St. Louis City Hospital # 2 at 2:03 a. m. Medical records show that she received sutures for lacerations of the scalp and neck. She testified that she had seven stitches in her head and one in her neck.

No one other than the victim testified about events subsequent to 1:00 a. m. when Ms. Johnson and the defendant parted company with their friends. The defense's evidence consisted of the testimony of two of those friends. They indicated that Ms. Johnson was drinking wine and smoking marijuana during the three hours that they were all together. Ms. Johnson testified only to having had several drinks.

Defendant first contends that the trial court erred by refusing to instruct the jury on the lesser included offenses of assault with intent to maim without malice and common assault. He claims: "This required the jury to find the defendant guilty of the higher offense of Assault with Intent to Maim with Malice where the facts in evidence arguably failed to show an essential element of that offense, the use of a piece of glass as a means of inflicting great bodily harm. In such a case instructions on the lesser included offenses are required if supported by the evidence."

Whether an instruction on a lesser offense in an assault case is to be given, the

controlling factor with respect to the submission of a lesser offense is whether the facts in evidence are sufficient to arguably show a lack of an essential element of the higher degree of the offense. *State v. Howell*, 524 S.W. 11, 21[10] (Mo. banc 1975). And it is clear that an instruction on the lesser offense—assault without malice—is required only if there is evidence to support such a submission. *State v. Lane*, 537 S.W.2d 569, 570[1] (Mo.App.1976).

■ No evidence was adduced at trial to support a submission of an instruction on assault without malice. Assault with malice is distinguished from assault without malice by the force or means by which the offenses are committed and the *manner* of the use of such force. *State v. Webb*, 518 S.W.2d 317 (Mo.App.1975); see also: Richardson, The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions, Assault, p. 18.

■ Since the means used and the manner of using such force constitutes the distinction between "with malice" and "without malice", whether a weapon, force or means is deadly or likely to produce death or great bodily harm depends upon such factors as its nature, the manner and result of its use, and the comparative strengths and relative positions of the persons involved in the assault. *State v. Ryan*, 492 S.W.2d 116 (Mo.App.1973). Therefore, in order to determine which instruction or instructions to give, the court must engage "in a general weighing together of all the facts and circumstances including the comparative strength and positions of the parties, the presence or absence of 'provocation' or justifying, mitigating, excusing or aggravating circumstances, the weapon or means or force employed, the manner in which the weapon or force was employed, the injury sustained, etc.". *State v. Lee*, 549 S.W.2d 934, 940[13] (Mo.App.1977).

■ Applying this weighing process to the facts adduced at trial, it is clear that, *regardless of whether the means used was a piece of glass*, the court was correct in refusing to instruct on assault without mal-

ice. Defendant was in a position of strength superior to that of Ms. Johnson, a hard object was used to hit a woman around the head: an area sensitive and highly vulnerable to hard blows, and the woman sustained injuries requiring surgical attention. Although defense witnesses indicated that the two were in harmony that evening and that both were drinking, no justifying, mitigating or excusing circumstances were set forth, and no evidence was presented by defendant to support an instruction on assault without malice. See *State v. Surgeon*, 456 S.W.2d 293 (Mo.1970); *State v. Crossman*, 464 S.W.2d 36, 41 (Mo. 1971); *State v. Goodman*, 496 S.W.2d 850 (Mo.1973). The court did not err in refusing to instruct on assault without malice. Neither was it necessary for the court to submit an instruction on common assault.

■ Defendant next contends that the court erred in refusing his requested circumstantial evidence instruction. If the elements of the offense are established by both direct and circumstantial evidence the giving of a circumstantial evidence instruction is not required. *State v. Newhart*, 539 S.W.2d 486 (Mo.App.1976). Defendant overlooks the direct evidence in this case. Victim's testimony as to what occurred and her recitation of defendant's statement that he had used a piece of glass was sufficient direct evidence for the court to reject the circumstantial evidence instruction.

■ Defendant contends that the court erred when it permitted the prosecuting attorney to state to the jury that certain evidence was "uncontradicted" and that there was "no evidence to the contrary". He contends that these references constituted a comment on defendant's failure to testify. The first time that the prosecuting attorney stated that the facts were "pretty much, more or less, undisputed . . .", defense counsel did not object. His later objection was untimely and therefore waived this objection and point of error. Moreover, such comments have repeatedly been held not to be improper comment on defendant's failure to testify. See *State v. Quillun*, 570 S.W.2d 767 (Mo.App.1978).

Defendant further alleges that the court erred by "permitting the prosecutor to make speculations in his closing argument as to what might have happened had the police not arrived when they did". In this point, and argument thereunder, defendant does not refer directly to any specific statement nor is any reference made to any page number of the transcript. He has not complied with Rule 84.04(h), and we cannot consider this point on review.

Judgment affirmed.

GUNN and CRIST, JJ., concur.