STATE of Missouri,
Plaintiff-Respondent,

v.

Ghemelle THOMAS,
Defendant-Appellant.

No. 48333.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 7, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Dave Hemenway, Special Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant was convicted of two counts of robbery in the first degree, violations of § 569.020 RSMo 1978; three counts of attempted robbery, violations of § 564.011 RSMo 1978; one count of assault first degree, a violation of § 565.050 RSMo 1978; and three counts of armed criminal action, violations of § 571.015 RSMo 1978. He was sentenced to serve a term of thirty years imprisonment; ten years for one count of robbery; a concurrent term of 10 years for the second count of robbery; a consecutive term of 5 years on one count of attempted robbery; two concurrent terms of 5 years on the remaining two counts of attempted robbery; a consecutive term of 15 years for first degree assault; and three concurrent terms of 5 years for armed criminal action. He appeals. We affirm.

Defendant does not challenge the sufficiency of the evidence. There was strong evidence from which the jury could have found that on the evening of February 24, 1983, Gregory Ivory and Dennis McDaniels, both armed, invaded an apartment at 5616 Vernon in the City of St. Louis. The two terrorized the eight occupants, ransacked the apartment and shot Vernon Taylor in the arm during the course of the

robbery. The two men took two television sets and left the building. They took the sets to an automobile parked adjacent to the house where defendant helped load the televisions into the back seat and trunk of the car. Defendant, Ivory and McDaniels drove off. They were stopped a short time later by the police with defendant driving. The trio was arrested and both television sets were recovered.

Defendant contends that the trial court erred in denying his motion for a mistrial made during the second day of trial based on the fact that a juror and an alternate juror were observed drinking during a lunch recess the previous day.

The following transpired:

[Defendant's Attorney]: I ... request a mistrial at this time based on information the court received from a juror, Number 83, James Doyle, wherein he informed the court and attorneys for both parties that he was aware of Juror Number 243, Robert Nehring, had consumed some alcoholic beverages, and alternate juror Number 150, John Hogan, had also consumed some alcoholic beverages, and based on that it's our feeling that the defendant may be deprived of equal protection and due process.

MR. FORSYTHE: I observed the men yesterday afternoon and they seemed attentive and paying attention to the proceedings.

THE COURT: I agree. I would deny the request for a mistrial unless something were brought in that their ability to understand the case had been impaired ...."

The determination of whether misconduct by a juror tending to prevent a fair and due consideration of the case and requiring a mistrial rests with the discretion of the trial court. *State v. Johnson*, 586 S.W.2d 437, 442 (Mo.App.1979). Proof that a juror has consumed alcohol does not in and of itself entitle defendant to a mistrial. It is incumbent upon the defendant to establish that the mind of a juror was

affected by alcohol or that he suffered from some degree of intoxication. *State v. Johnson*, 586 S.W.2d 437, 442 (Mo.App. 1979); *State v. Taylor*, 134 Mo. 109, 35 S.W. 92, 105 (Mo.1896). There was no evidence adduced either during trial or at the hearing on the motion for new trial as to how much the jurors imbibed or that the jurors were affected in any way by the consumption of alcohol. Defendant's attorney made no request of the trial court that it interrogate the jurors either on the afternoon that it received the information or the morning counsel made the motion for a mistrial. Certainly the better practice, anytime a court receives evidence that jurors have consumed alcohol is to interrogate the jurors.[1] However, on the record before us there is no evidence of intoxication or impairment. Consequently we find no abuse of the trial judge's discretion.

Affirmed.

GAERTNER and KAROHL, JJ., concur.

---

1. Before the lunch recess on the second day of trial, though, the court did admonish Jurors Nehring and Hogan that it took a "dim view" of drinking, instructed them not to drink during the lunch hour, and ordered a Sheriff's Deputy to accompany them to ensure abstention.