**STATE of Missouri, Respondent,**

v.

**Neal E. HOUSTON, Appellant.**

**No. WD 38615.**

Missouri Court of Appeals,
Western District.

May 26, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1987.

Sean D. O'Brien, Public Defender, S. Dean Price, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Margaret K. Landwehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., PRITCHARD and TURNAGE, JJ.

PRITCHARD, Judge.

Appellant was found guilty by the verdict of a jury of the crimes of robbery in the first degree and armed criminal action as charged in Counts I and II of an amended information. As a prior offender, he was sentenced to 25 years imprisonment to run consecutively to the sentence in a prior case (No. CR85–1834). On Count II, he was sentenced to 10 years, concurrent with Count I, but consecutive to the prior case.

The sufficiency of the evidence to sustain the conviction is not questioned.

■ Trial began on June 17, 1986, an in-chamber instruction conference was had, and at its conclusion appellant's counsel brought to the court's attention that he had just noticed the court's docket sheet which was posted on a bulletin board by the courtroom door, apparently outside in the hallway. On the first page of the docket sheet the number one, two and three cases were all *State of Missouri v. Neal Houston,* the first case being the one tried that day, and the other two being cases pending against the appellant. It was pointed out to the court that on the day before, the entire panel was standing outside the courtroom during breaks and while strikes were being made for 30 to 45 minutes. Counsel stated to the court that assuming the persons sitting on the jury read the docket sheet, it indicated that other cases were pending against appellant and "it would certainly constitute a reference in the minds of the jurors to other crimes that Mr. Houston's charged with which are not on trial here." A mistrial was requested, and the docket sheet was admitted into evidence, but it is not filed with this court.

In opposition to the motion for mistrial counsel for the state suggested to the court that there was no way to tell from the reference (to other charges) what it was all about, that he did not think that any juror who did read it would attach any significance to it, and that appellant's counsel would have to inquire of the jurors whether or not they actually read and understood it. The motion for mistrial was denied and appellant's counsel stated to the court that for strategic reasons he was choosing not to inquire of any jurors at that point what exposure, if any, they had to the docket sheet because it would call their attention to other pending charges which would be prejudicial to appellant. Appellant was personally questioned and informed about the matter, and he chose to

wait for juror questioning until the verdict was returned.

Arguments were made, the jury retired and returned its verdicts, and counsel for appellant was permitted to question it as a group as to whether they had seen the docket, with the proviso that if responses came back in a manner that seemed to warrant further individual questioning, the court would reconsider it. Counsel then asked the jury whether, during recesses the day before, any of them read the published court docket located on the bulletin board right outside the courtroom doors. Jurors Meagher and McCallop answered that they saw it. No further questions were asked, as to, for example, what the two jurors had read, if they saw the identical names or if they understood the docket sheet. The court then discharged the jury and told it that it was then free to talk to the lawyers if they so chose. It is not indicated whether counsel did thereafter talk to the jurors, and no evidence was presented as to the matter on the hearing on the motion for new trial.

What is important here is that appellant's counsel, upon noticing the docket sheet posted in the hallway, made a decision not to inquire then of the jury whether any of its members had seen the docket sheet, but rather chose to await the jury's verdict to further pursue the matter. Appellant, himself, joined in that decision. Thus, the trial court was not given an opportunity to instruct the jury, such as to disregard the docket sheet, prior to the time it retired, *if* that might have been necessary. Furthermore, after the jury brought in its verdict, and two jurors stated they had seen the docket sheet, there was no further inquiry as to whether they had read it, noted appellant's name on the two other cases, or what the import of those names was with respect to a consideration of the case for which appellant was on trial, and importantly, whether any juror, assuming the seeing of the additional two cases, and understood them, took that into account during deliberations, so as to be prejudicial to appellant. It should be noted that the docket sheet referred to other *pending charges*, not other crimes

committed, evidence of which during trial being generally inadmissible.

In the same posture of this case, several analagous cases have held that there was no error in denying a request for mistrial where there was no evidence to support it. In *State v. Rojano*, 519 S.W.2d 42, 44 (Mo. App.1975), there was no evidence that any juror had read newspaper articles dealing with the rising number of jury acquittals in St. Louis, and were thereby prejudiced. In *State v. O'Dell*, 684 S.W.2d 453, 469–470 (Mo.App.1984), there was no evidence offered to prove the allegation in a murder trial that deceased's mother and sister had spoken with one or more members of the jury. In *State v. Thomas*, 684 S.W.2d 432, 433 (Mo.App.1984), there was no trial evidence or hearing on the motion for new trial to support an allegation of juror alcohol consumption, and there was no request to interrogate the jurors. In *State v. Stidham*, 258 S.W.2d 620, 622 (Mo.1953), there was no evidence to prove alleged jury separation. In *State v. Morse*, 542 S.W.2d 365, 368 (Mo.App.1976), certain jurors admitted having heard a radio broadcast that defendant was being brought from the penitentiary for trial, but no question or answer of any juror indicated to the trial court that prejudice might result if a mistrial was not declared. See also *State v. Moore*, 499 S.W.2d 826 (Mo.App.1973). For lack of a showing of prejudice, Point I, raising error in denying the request for mistrial, is overruled.

■ In Point II, appellant attacks the trial court's giving of Instructions Nos. 1.02 and 2.20 on the subject of definition of reasonable doubt. These mandatory instructions are in form approved by MAI–CR 2d by the Supreme Court, and this court has no authority to declare them erroneous. *State v. Outley*, 693 S.W.2d 184, 188 (Mo.App.1985). Appellant contests the use of the words "firmly convinced" used in these instructions in connection with definition of reasonable doubt. *State v. Antwine* (Mo. banc 1987) [No. 67720, handed down January 13, 1987], laid this matter to rest in its holding that "firmly convinced" is essentially synonymous with

"beyond a reasonable doubt". The *Antwine* case has been remanded to the trial court for hearing and determination that the selection of the jury had a basis other than racial discrimination; *Antwine* is not yet final. Nonetheless, the synonymity above from *Antwine* is accurate, and it is herein adopted.

The judgment is affirmed.

All concur.