STATE of Missouri,
Plaintiff–Respondent,

v.

Norman FOSTER, Defendant–Appellant.

No. 55821.

Missouri Court of Appeals,
Eastern District,
Division One.

July 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Sept. 12, 1989.

James C. Ochs, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of kidnapping in violation of § 565.110, RSMo 1986. He was sentenced by the court in

accordance with the jury's recommendation to five years' imprisonment. He appeals; we affirm.

The state's evidence shows that victim was crossing the street when a sharp object was pressed against her back. As she looked to see who was behind her, she was told to get into defendant's car; she complied. Victim did not know defendant. She attempted to escape from the car, but because the locks had been tampered with, she was unable to do so.

Defendant drove to Illinois and stopped the car near an abandoned building. He got out of the car and opened the passenger door. He began rubbing victim's leg and talking to her. She pushed defendant away and got out of the car. While struggling with defendant, victim noticed his driver's license on the ground and put it in her pocket. After further struggle, defendant put victim into the back seat of his car and forced her to have sexual intercourse with him. Defendant then drove victim to her place of work. Before letting her out of the car, he asked for her phone number; she gave him a false one. Victim arrived at work visibly upset, reported the incident to her supervisor, and the police were called.

After the police arrived, she gave them defendant's driver's license. She went with the police to the address on the driver's license. Once there, victim saw and identified defendant and his car.

Defendant was arrested at the scene. He was advised of his rights and transported to the police station where he was questioned. Originally he stated he had driven around St. Louis, Missouri, alone. He then said a woman had been with him, but that he had not left St. Louis, Missouri. Later he added that he had gone to Illinois with the woman, parked in a vacant lot, engaged in conversation, and subsequently dropped her off in St. Louis, Missouri. Finally, he admitted having consensual sexual intercourse with the woman while in Illinois.

Defendant's first point on appeal is that the trial court erred "in allowing the state to elicit evidence as to character of the complaining witness during the state's case in chief in that said evidence was irrelevant and further, said evidence was inadmissible, and any probative value was outweighed by the prejudice to the defendant."

■ In his brief, defendant does not specifically state why any of the testimony covered by his continuing objection was improperly admitted or prejudicial. He states generally: "[C]omplaining witness was allowed to testify under objection by defense counsel to background information subsequent to the rape of 1985. [She] ... testif[ied] to her educational experiences and inconvenience in prosecution of this case and character information that was irrelevant to this cause of action against Defendant."

On redirect examination, the state elicited testimony from victim that she was living and working in Detroit, Michigan, and that it was necessary for her to fly to St. Louis when she was needed for the prosecution of the case. Defendant objected when victim was asked if she had attended school in Detroit. The trial court sustained the objection on the ground the information was "far afield." The trial court later reversed its ruling and, over defendant's continuing objection, the following testimony was heard:

Q. [Have] you ... gone to school in Detroit?

A. Yes.

Q. Where have you gone to school and what have you done?

A. Detroit College of Business and finishing school for word processing.

Q. When did you graduate?

A. Graduated last April.

Q. Did you at any time contact any police department, any prosecuting attorney's office or any other authorities in either Missouri or Illinois and tell them you wish to drop these charges?

A. No.

Q. Did you discuss with your family the difficulty of your personally following through with these charges?

A. Not definitely, but I let them know it was something I wanted to do, it was no strain on me to do it.

Q. But they thought it was a stress?

A. My father did.

The testimony was admissible. On cross-examination, defendant challenged victim, attempting to show she had not pursued prosecution. Additionally, victim was asked about certain background elements of her life—including whether she had been convicted of a crime. The above testimony was admissible "to refute, weaken, or remove inferences ... which ... resulted from testimony on cross-examination." *State v. Houston*, 607 S.W.2d 183, 184 (Mo. App.1980) (*quoting State v. Gatlin*, 539 S.W.2d 731, 733–34 (Mo.App.1976)). Further, we see no indication that defendant was prejudiced by the admission of this testimony.

■ Defendant's second point is that the trial court erred in refusing to submit an instruction on circumstantial evidence, MAI–CR3d 310.02. "If the elements of the offense are established by both direct and circumstantial evidence the giving of a circumstantial evidence instruction is not required." *State v. Laususe*, 588 S.W.2d 719, 721 (Mo.App.1979). Victim's testimony was direct evidence that the kidnapping occurred. *See Laususe*, 588 S.W.2d at 721. Thus, as there was direct evidence of defendant's guilt, the trial court did not err in refusing to submit MAI–CR3d 310.02.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.