STATE of Missouri, Respondent,

v.

Delroy DOUGLAS, Appellant.

No. KCD 27405.

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Motion for Rehearing and/or Transfer
Denied Nov. 3, 1975.

Gerald P. Handley, Acting Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant appeals his conviction of rape and sodomy and resultant sentence of two

fifteen-year terms to run consecutively. Defendant does not question the sufficiency of the evidence to sustain his conviction.

Defendant bases his claim for relief upon the refusal of the trial court to allow him to cross-examine a detective concerning a prior inconsistent statement made by the victim concerning a physical description of her assailant and the route taken from the time the victim was first accosted to the place of the assault. Defendant in a pro se brief attacks the wording of the indictment.

The jury could have found from the evidence the victim was accosted outside her home at about 2:30 A.M. in October, 1973. After forcing her to enter her home for a short time, the assailant required the victim to enter the car he was driving, to cover her head with a coat and place her head between her legs. In this position the victim, was driven to another house, later identified by the victim, where she was taken to an upstairs bedroom where the attack forming the basis of the indictment took place.

Defendant produced a witness who stated the defendant was with her in another location at the time the offenses here charged took place. This witness also stated defendant did not and never had had any gold or silver tooth. The lady who owned the automobile the victim identified was used by the defendant to transport her testified she was using her car at the time of the attack.

■ The dispositive issue raised by the defendant on this appeal concerns the refusal by the trial court to allow the defendant to call Detective Steen as a witness. The backdrop for defendant calling Detective Steen was the following cross-examination of the victim:

"Q. Did you make any statement as to whether or not he had a capped tooth?

A. The police asked did he, and I said he could have.

Q. Well, what I am asking you now is if you made a statement to the police in a description saying whether or not the man had a capped tooth?

A. No, sir.

Q. A gold or silver capped tooth?

A. No, sir.

Q. You did not give that description to the police?

A. They asked me did he, and I said he could have.

Q. Well, do you remember if he did or not?

A. They asked me if he did. I said he could have. I didn't say definitely that he did or didn't."

The defendant informed the court he wanted to call Detective Steen to show a prior inconsistent statement which the victim had made to this detective the morning after the attack. Defendant told the court he would show the victim had told Detective Steen the assailant had a gold or silver capped tooth. The trial court refused to allow Detective Steen to be called as a witness and the defendant was thereby deprived of the opportunity to show to the jury the victim had made this statement concerning the identification of her assailant.

The State bases its entire argument in support of the trial court's ruling on the fact the defendant did not lay a proper foundation in order to show a prior inconsistent statement. The requirement of a foundation is stated in *State v. Vaughn*, 501 S.W.2d 839, 842[1–4] (Mo. banc 1973) as follows: "[a] foundation must first be laid by asking the witness on cross-examination if he made the statement, and obtaining either a denial or an answer that he failed to remember it". Here it is beyond question the defendant laid a proper foundation by asking the victim specifically about her statement to the police concerning the capped tooth. She specifically denied making any statement in which she stated "he

did or didn't" have a capped tooth.[1] The offer which defendant made in his request to call Detective Steen was to show the victim had made a statement to Detective Steen in which she stated the man did have a capped tooth. There can be no question the defendant laid a proper foundation for showing the previous inconsistent statement and it was error for the court to refuse to allow the defendant the opportunity to show this inconsistency for the purpose of impeaching the witness.

It is obvious the question of whether or not the assailant had a capped tooth would be a very vital part of the identification of the defendant. The only evidence in this case concerning the identity of the assailant came from the victim herself. Thus, it was her credibility which the jury had to assess in deciding whether to believe her testimony concerning the identity of the man who attacked her. This, coupled with the defense which the defendant offered to show he was at another place at the time of the attack and had never had a gold or silver tooth, sharply defined the issue before the jury to be the identification which the victim made of the defendant. Certainly the defendant was entitled to produce any relevant and material evidence available to bear on the crucial question of the credibility of the victim in her description of the assailant.

■ There is no doubt defendant was entitled to impeach the victim's testimony, for as stated in 2 Wharton's Criminal Evidence, 13th Ed., ¶ 455, p. 392: "[a] party has the right to impeach the credibility of a witness whom he did not call, and he may do so by cross-examination or through another witness."

It is not necessary to go into the long history of the rules for impeaching witnesses, but one of the early cases which explores this subject very fully is *Spohn v. Missouri Pac. Ry. Co.,* 122 Mo. 1, 26 S.W. 663 (1894).

■ Defendant also complains of the refusal of the trial court to allow him to call another detective to show an inconsistency between the in-court description the victim gave of the route traveled from her home to the place where the assault occurred and that given in a statement to the police shortly after the attack. This description of the route traveled was a collateral matter and it is well settled it is not error to exclude evidence tending to impeach a witness on an immaterial or collateral matter. *State v. Miles,* 412 S.W.2d 473 (Mo.1967). Thus, it was not error to refuse the defendant the right to show this inconsistency.

■ Defendant also makes some complaint of the curtailment of his cross-examination of the police officers concerning various inconsistent statements made by the victim. However, defendant did not properly seek to elicit evidence of inconsistent statements by simply asking various police officers what descriptions the victim had given to them. This method of establishing a previous inconsistent statement was condemned in *Raines v. Small,* 169 S.W.2d 102, 105[6] (Mo.App.1943).

■ The proper method of examination of an impeaching witness is set out in 98 C.J.S. Witnesses ¶ 617, p. 628. There it is stated the witness should first be asked to fix the time and place of the previous statement. It is then sufficient "if the question is so framed as to elicit an answer in clear contradiction of the principal witness' answer to the question asked him". [Ibid. p. 629]. See also *Janis v. Jenkins,* 58 S.W.2d 298 (Mo.1933).

The defendant has filed a pro se brief attacking the wording of the indictment. These complaints have been decided adversely to him in *State v. Goodale,* 210 Mo. 275, 109 S.W. 9 (1908) and in *State v. Hathaway,* 269 S.W.2d 57 (Mo.1954). In those cases the precise wording of the indictment in this case was approved.

---

1. The State questions only the sufficiency of the denial of a previous statement. No other foundational infirmity is alleged.

The other matters raised by the defendant need not recur on another trial.

For the error noted, the judgment is reversed and the cause is remanded for another trial.

All concur.