**STATE of Missouri, Respondent,**

v.

**Christopher P. GRAVES, Appellant.**

**No. 61039.**

Supreme Court of Missouri,
En Banc.

Oct. 10, 1979.

Rehearing Denied Nov. 14, 1979.

Richard W. Dahms, Public Defender, St. Joseph, for appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

Upon application of respondent, this appeal was transferred to this Court from the Court of Appeals, Western District, after the filing of an opinion because of the general interest and importance of the questions presented. We treat this case as if here on original appeal. Mo.Const. art. V, § 10.

Appellant, Christopher P. Graves was convicted in a jury trial of first degree robbery, rape and sodomy, and sentenced respectively to terms of five, seven and ten years, said sentences to run consecutively.

On appeal, the court of appeals held that the trial court committed reversible error in failing to submit the time of day the various offenses occurred in the respective verdict directing instructions, after the appellant's alibi defense caused the time of day to be of decisive importance.

On January 20, 1976, between 8:20 a. m. and 8:30 a. m., a man entered the victim's home and during the course of an unbroken series of events, robbed, raped and brutally subjected her to an act of sodomy. The victim identified appellant as her assailant during the course of the trial. Appellant took the stand in his own behalf and denied all of the accusations. Appellant affirmatively testified that he was living with his brother at the time and was asleep at his brother's home on January 20, 1976, between 8:20 a. m. and 8:30 a. m. and did not awake until noon that day. Appellant's brother testified that appellant was sleeping at his home when he left for work between 8:00 a. m. and 8:30 a. m., which he knew because appellant "was always around." The brother testified on cross-examination, however, that he did not remember specifically having seen the appellant on the day before or the day of the alleged offense, nor on the days following the alleged offense.

Appellant advances four incidents of alleged trial error as grounds for relief on appeal: (1) error on the part of the trial court in failing to submit the time of day the various offenses occurred in the respective jury directing instructions; (2) error on the part of the trial court in permitting the state to impeach one of appellant's witnesses by means of a prior inconsistent statement without a proper foundation for doing so; (3) error on the part of the trial court in overruling defendant's motion for additional discovery; and, (4) error on the part of the trial court in permitting one of the state's witnesses to testify in contradiction to his testimony as previously disclosed during discovery.

■ The robbery charge was submitted to the jury by adapting MAI–CR 7.60, the

rape charge by adapting MAI–CR 6.40, and the sodomy charge by adapting MAI–CR 12.50. The alibi defense interposed by defendant was submitted to the jury by adapting MAI–CR 3.20.[1] The time the virtually concurrent offenses occurred was addressed in the state's verdict directing instructions in terms of "on or about January 20, 1976". Appellant claims injection of his alibi defense required the trial court to address the time the offenses allegedly occurred with greater specificity in the three verdict directing instructions.

Paragraph 2 of the "Notes on Use" appended to MAI–CR 6.40 (rape), so far as here pertinent, reads as follows: "if the defendant has an alibi for the particular rape charged, the instruction should submit the date and, if important to the defense, the time of day, e. g., 'between the hours of _____ and _____.'" Paragraph 2 of the "Notes on Use" appended to MAI–CR 12.50 (sodomy) reads as follows: "Time may be of the essence and may even require submission of the time of day. Thus in a prosecution for sodomy committed some time between 6 and 8 p. m., testimony of a witness for defendant that he was in a tavern from 6 to 8 p. m. on the date of the alleged offense would be sufficient to support an alibi defense. *State v. Heissler,* Mo., 324 S.W.2d 714 (1959). In such case the instruction for the state should read 'that defendant did so on _____ between the hours of 6 and 8 p. m., etc." The "Notes on Use" appended to MAI–CR 7.60 (robbery, first degree) are silent as to the submission of the time of day.

The state argues that specificity in a verdict directing instruction regarding the time a submitted offense occurred is unnecessary, notwithstanding the "Notes on Use" appended to MAI–CR 6.40 (rape) and MAI–CR 12.50 (sodomy), unless time is of the essence of the offense itself. The argument proffered by the state, and the cases it cites, completely miss the mark. Defendant makes no claim that time was of the essence of any of the three offenses. Defendant does contend that greater specificity as to the time of. day the three offenses allegedly occurred as shown by the state's evidence was of decisive importance in the respective verdict directing instructions by reason of the alibi defense which he interposed, the evidence supporting it, and its submission to the jury under an appropriate instruction.

Paragraph 2 of the "Notes on Use" appended to MAI–CR 6.40 and the companion paragraph appended to MAI–CR 12.50, soundly require that verdict directing instructions submitting rape and sodomy circumscribe, with reasonable certainty in conformity with the evidence, the time of day such offenses were purportedly committed when an alibi defense is interposed, supported by the evidence and instructionally submitted. We pointed out in *State v. Armstead,* 283 S.W.2d 577 (Mo.1955), that issues may be raised or joined which make time of decisive importance even though the crime charged may not be of such nature to make time the essence of the offense itself.

Rule 20.02(e) succinctly provides that "[g]iving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined." This rule has been wisely construed as meaning that any error associated with noncompliance is "presumptively prejudicial", *State v. Clifton,* 549 S.W.2d 891, 895 (Mo.App.1977), or, as earlier put in *State v. Billingsley,* 534 S.W.2d 484, 485 (Mo.App.1975), any error associated with noncompliance "must be deemed prejudicial unless the contrary clearly appears". The trial court erred in failing to circumscribe the time of day the rape and sodomy offenses were purportedly committed, after the alibi defense was interposed, supported by evidence, and submitted in appellant's proffered instructions. We now consider the prejudicial effect of this error.

---

1. The case was tried October 4, 1976, at which time the foregoing were the applicable instructions.

Appellant's own alibi testimony covered the period of time from the night before until noon on the day the alleged offenses occurred. Appellant's corroborative evidence, the testimony of his brother, James Graves, supported his testimony stating that appellant lived with him and that appellant generally slept until noon. Moreover, James Graves testified that when he left for work between 8:00 a. m. and 8:30 a. m. on the morning in question, he believed that appellant was home asleep. The victim established that the alleged offenses occurred around 8:20 to 8:30 a. m. Other witnesses for the prosecution were in accord. The evidence before the jury clearly contrasted the time of the alleged offense and the alibi defense of appellant. This is not a case where the jury could believe that the defendant was where his alibi defense and corroborating witnesses placed him and still believe that the defendant committed the crime in question. The trial court's error in failing to circumscribe the time of day the alleged rape and sodomy offenses were committed did not nullify the appellant's alibi defense. We conclude that the trial court's error was not prejudicial.

■ Appellant alleges error on the part of the trial court in permitting the state to impeach defense witness James Graves through the use of a prior inconsistent statement, without first giving the witness reference to all of the circumstances surrounding the statement and the place where the statement was made. At trial, appellant's brother, James Graves, testified in support of appellant's alibi on direct examination. On cross-examination, the state sought to lay a foundation for the impeachment of James Graves through subsequent testimony of Detective James Wright as to a prior inconsistent statement allegedly made by James Graves. The foundation laid for impeachment was as follows:

"Q. You recall talking to Detective Jim Wright of the St. Joseph Police Department the week of the rape, January 20th and telling the officer that your brother had not been staying with you, you don't know where

he was, and you hadn't seen him for a few days? You recall making that statement to Detective Wright?

"A. No ma'am, I don't.

"Q. You remember talking to Detective Wright?

"A. He and several other detectives have come around several times."

Appellant contends that a proper foundation for impeachment requires that the attention of the witness must be called to the time, place and circumstances, and the person to whom the statement was made, citing State v. Bennett, 87 S.W.2d 159 (Mo. 1935). Consequently, appellant alleges that the above foundation is defective for failure to establish all of the circumstances, including the time and place, of the purported inconsistent statement.

In State v. Vaughn, 501 S.W.2d 839, 842 (Mo. banc 1973), this court declared,

"It is, or course, well settled that when a witness has testified to a material fact it is proper to admit evidence that he has previously made a statement relating to that fact which is inconsistent with his present testimony. A foundation must first be laid by asking the witness on cross-examination if he made the statement, and obtaining either a denial or an answer that he failed to remember it."

In Vaughn, the following foundation was found to be adequate:

"Q. When you talked to Mrs. Vaughn do you recall telling her you did not think McNeal knew what was going on, that he was surprised when the robbery took place?

"A. I don't remember talking to her.

"Q. So you don't recall making that statement?

"A. No."

501 S.W.2d at 841. See also State v. Douglas, 529 S.W.2d 162 (Mo.App.1975). In the case at bar, a sufficient foundation had been laid. James Graves was told of the purported statement, to whom it was allegedly made, and the week he was said to have made it. It is clear that he understood the statement attributed to him and that he

could identify the person to whom the statement was allegedly made. There appears to be no confusion in the witness' mind as to the circumstances of the alleged statement, nor is there evidence of unfair surprise. The point is overruled.

█ Appellant alleges that the trial court erred by overruling his motion for additional disclosure by the state. Specifically, appellant wanted to know:

"A. Who was present when the lineup referred to in defendant's exhibit 'B' took place?

B. When did the lineup referred to in defendant's exhibit 'B' occur?

C. Where did the lineup referred to in defendant's exhibit 'B' occur?

D. To whom were the suspects in the lineup referred to in defendant's exhibit 'B' exhibited?"

On appeal, appellant contends that the state's failure to disclose this information hampered his ability to discover what occurred at the January 21, 1976 lineup. These questions, contained in appellant's interrogatories, were filed on August 11, 1976. On August 12, 1976, appellant filed a motion for additional disclosure by the state. The fourth paragraph of appellant's motion, filed just one day after his interrogatories, indicates that appellant in fact had the information, the disclosure of which he now asserts error on the part of the trial court for not compelling. This paragraph reads:

"4. Defendant calls attention to the fact that Defendant's Exhibit B reflects that [victim's name], the prosecuting witness in the above captioned cause, viewed a lineup, presumably with reference to the above captioned cause, on January 21, 1976, between 10:30 and 12:00 at the police station in St. Joseph, Missouri, and picked out someone other than the defendant. Defendant's Exhibit B also indicates Lt. Pasley, R. Brown, J. Wright, and C. Hayes are the 'Officers Conducting Showup.'"

From this paragraph, it is obvious that appellant knew (A) who was present at the lineup, (B) when the lineup occurred, (C) where the lineup occurred, and (D) to whom the suspects were exhibited. It cannot be said that appellant was hampered in his ability to discover what occurred at the lineup, nor that the refusal of the trial court to compel this information was prejudicial error.

█ Lastly, appellant alleges error on the part of the trial court in allowing Detective Brown to testify at the trial regarding what occurred at the lineup viewed by the victim. At a previous deposition Detective Brown testified that he was confused and could not recall who was present at the lineup. It appears from the record that even though the witness had not refreshed his memory before attending the deposition and conceded that he was somewhat confused, he was told by appellant's counsel that he could not have the deposition taken at another time. At any rate, appellant did not make timely objection at trial on this ground, and does not now allege plain error on the part of the trial court. As in *State v. Kelly,* 539 S.W.2d 106, 110 (Mo. banc 1976), "The testimony complained of was admitted without objection and we accordingly rule that the alleged error was not preserved for appellate review."

The judgment of the trial court is affirmed.

BARDGETT, C. J., and DONNELLY, RENDLEN, WELLIVER and MORGAN, JJ., concur.

HIGGINS, J., not participating because not a member of the court when cause was submitted.