**Mary PLATT, Guardian of the Person and Estate of Edward J. Grill and Veronica M. Grill, Appellant,**

v.

**Sandra R. WILLIAMS, Respondent.**

**No. 47276.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 12, 1984.

John J. Riley, Clayton, for appellant.

Robert C. Ely, St. Louis, for respondent.

CRIST, Presiding Judge.

Plaintiff appeals from a judgment entered on a jury verdict for defendant. His sole point on appeal asserts error in the trial court's admission into evidence of portions of a tape recorded statement to impeach plaintiff's witness. We affirm.

During his cross-examination of plaintiff's witness, defense counsel attempted to show witness had made statements inconsistent with his testimony at trial in a recorded interview with an investigator. Questioning established witness remembered a man coming to his house about nine days after the accident in question "to adjust [his] car." Witness did not remember giving a recorded statement at that encounter; the recording he remembered had been made over the phone. This occurred within a week or so of the accident, and witness admitted the facts were fresher in his mind then than they were at the time of the trial.

Defense counsel then attempted to ask if the witness remembered making a statement contained in a transcript of the statement. Plaintiff's counsel objected, asserting there was no proper foundation. The trial court, without a formal ruling, in effect sustained the objection. During a colloquy outside the hearing of the jury, the trial court asserted the defendant needed to "establish" the statement, to show when and where it was made, and if the witness remembered it. Defendant's counsel, at the close of the colloquy, was directed to "[q]uestion him."

Counsel proceeded to question the witness. He read, from the statement, preliminary questions and answers, covering witness's name, age, school attended, year in school, place of employment, and the date when and place where the statement was taken. Witness remembered some of it however, he still did not recall giving the statement in person, but remembered giving one over the telephone. Witness believed the content of the statement would have been the same if given in person or over the phone.

This questioning had run to two and one-half pages of the trial transcript before plaintiff's attorney objected, asserting it was not known if the transcript of the

statement used by defense counsel was accurate. Defense counsel assured him there was a recording of the statement he would play. No ruling on this objection was made or requested. Defense counsel proceeded without objection to question witness concerning the content of the statement relating to the accident at issue. This questioning occupied eleven more pages in the trial transcript.

On recross-examination, defense counsel sought to play the recording for further impeachment purposes. Objection on the grounds the witness had not specifically denied making any of the statement and the name of the investigator had not been shown was overruled, and portions of the recording were played. The witness identified the voice on the tape as his. No further objections were made.

When plaintiff's attorney objected to playing the recording on the ground no proper foundation had been laid, it was too late to preserve the point. An adverse ruling, upon which error could be asserted, was made only when defense counsel sought to play the recording to show the witness had made the statement. By then, witness had testified extensively concerning the statement's content without objection. Almost all of the recording played for the jury had been quoted or referred to in questions defense counsel asked witness. One cannot claim prejudicial error in the admission of evidence over objection when evidence of the same tenor has previously been admitted without objection. *City of Independence v. Elder*, 653 S.W.2d 393, 396–97 (Mo.App.1983).

In any event, a proper foundation for the admission of the recording had been laid. It is required that the witness be apprised of the time, place and circumstances surrounding the statement, including the person to whom the statement was made, and the witness must be given the opportunity to confirm, deny or explain the statement. *State v. Ivicsics*, 604 S.W.2d 773, 780 and note 3 (Mo.App.1980). Witness was asked if he remembered a man coming to his house a week or so after the accident, and taking a recorded statement. The statement itself contained a recitation of time and place. Witness remembered making the statement, he was not confused about the circumstances surrounding it, and the tape identified the man who came to his house as the person to whom the statement was made. *State v. Graves*, 588 S.W.2d 495, 498–499 (Mo.banc 1979). His denial of the statement being taken in person did not destroy the foundation. The witness need only be *apprised* of the time, place and circumstances. He may deny making the statement, or even speaking with the person to whom the statement was made. *Id.* A proper foundation had been laid, and there was no error in admitting the statement.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.