**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lance WARD, Jr., Defendant-Appellant.**

**No. 47861.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 7, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 1984.

Application to Transfer Denied
Jan. 15, 1985.

do not find it to be persuasive under the facts of the present case.

Henry Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant, Lance Ward, Jr., was convicted of attempted rape and was sentenced to twenty years in the Department of Corrections and Human Resources. He appeals alleging trial court error in the admission of prior consistent statements of the victim and trial court error in overruling his motion for a mistrial during the state's closing argument. We affirm.

The victim, a 47 year old woman, was a resident of the Edison Hotel located at 18th and Chestnut in the City of St. Louis, Missouri. She also worked at the hotel cafe. On February 17, 1983, she finished her shift at 10:15 p.m. and walked to a nearby 7–11 store for coffee, donuts and cigarettes.

Upon leaving the store, the victim crossed the street going back to the hotel. Appellant approached and grabbed her arm. He tried to induce her to go to a nearby tavern. She refused and the refusal angered him. Appellant then forced her into the alley beside the hotel. Dropping her groceries, she grabbed onto a rope and then a telephone pole but appellant tore her away and hit her two or three times in the face. She fell hitting her head on the pavement. Meanwhile, she was yelling to the desk clerk for help.

While the victim was lying upon the ground, appellant jumped on her. At this point, the police arrived and appellant was arrested after a foot chase.

Subsequently, the victim was taken to the police station. She was interviewed by Detective Harold Nation. Detective Nation's report indicated that the victim had bought a half pint of Seagrams at the 7–11 store. According to the victim, when the written version of the interview was read to her, she told the police that the Seagrams bottle did not belong to her. She

stated at trial that discarded liquor bottles were common in that area.

Appellant objects to the admission of prior consistent statements made by the victim. At trial, the victim denied telling the police that she had purchased the Seagram's whiskey. However, Detective Nation, on cross-examination, verified the statements in his report that the bottle of Seagram's was among the victim's purchases. On redirect, the prosecutor conducted the following examination over defense counsel's objections.

Q  Did Miss Vinton ever tell you at any time when you interviewed her that night that she had solicited this man?

A  No.

A  No, sir.

Q  Did she at any time tell you that she had offered sex to this man for money?

A  No, sir.

Defense counsel then detailed his objections, arguing that the state was not entitled to bring out prior statements as to which the victim had not been impeached by prior inconsistent statements. The prosecutor argued that defense counsel had "opened the door to hearsay testimony" and the court agreed, overruling the objection and commenting, "You're trying to restrict it to the bottle of Seagram's and I don't think the rule is that strict". The examination resumed:

The reporter read back the previous question as follows: Did she at any time tell you that she had offered sex to this man for money?

Q  You may answer.

A  No.

Q  Did she at any time indicate to you that she had gone into that alley willingly?

A  No.

Q  What did she tell you about the circumstances of her going into that alley?

A  She said she was dragged in there, forced into it.

Q  What was your answer, sir?

A  She said she was dragged and forced into it.

Q  Did she ever indicate at any time that she removed her clothing willingly?

A  No, sir.

Q  How did she tell you that clothing was removed or altered or pulled?

A  She said that he was pulling at it.

■■■ The scope and extent to which redirect examination of a witness shall be permitted to go is a matter to be left largely to the discretion of the trial court whose ruling will stand absent an abuse of that discretion. *State v. Johnson,* 539 S.W.2d 493, 503–4 (Mo.App.1976), *cert. den'd.,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). Further, the trial court has a broad discretion in determining the extent to which additional portions of a statement may be read into evidence to show the context of and circumstances under which the impeaching portion was made for the purpose of minimizing its impeaching force. *State v. Beishir,* 332 S.W.2d 898, 903 (Mo. 1960).

In support of its argument, the state insists appellant was utilizing an innuendo that possession of alcohol coincides with having a "good time". The state argues that appellant was reinforcing his defense that the victim had initiated the encounter. As a result, the state contends it was permissible on re-direct to question Detective Nation about the victim's statements concerning consent and solicitation. We disagree.

■■■ We refuse to adopt the state's contention that women who partake in liquor have a tendency to elicit sexual conduct. The state could have rehabilitated the witness by asking Detective Nation about the victim's denial of ownership of the whiskey. It was error to solicit statements concerning the victim's denial of consent.

■■■ However, upon examination of the evidence, we conclude that the admission of Detective Nation's statements, while error, were not prejudicial. The statements of Detective Nation were cumulative and were corroborated by others. The victim testified that appellant forced her into the alley and pulled her slacks down. Officer

Barry Hinchey testified that he observed appellant on top of the victim with his pants lowered and that the victim's slacks were also lowered. The hearsay evidence of Detective Nation was cumulative and harmless. *State v. Ousley*, 668 S.W.2d 643, 645 (Mo.App.1984).

■ Appellant's second argument concerns the state's closing argument. The prosecutor made the following remark in the rebuttal portion of his closing argument to the jury:

> And then you talked about Mr. Ward. The man who has been convicted of five different crimes. He's been in the penitentiary twice. And as Mr. Lane says, this poor man whom nobody is going to believe, what does Mr. Ward have to gain from this or to lose? He knows what he has to lose because he knows what he did. And it's in his interest to get up there and tell you it didn't happen the way Mary Ann Vinton said it happened *and he's hoping that one or two of you may believe him because that's what Mr. Lane wants. He doesn't want a verdict in this case, he wants a hung jury.* (Emphasis added).

We have reviewed the record, and recognize the broad discretion of the trial judge in closing arguments and conclude that appellant was not prejudiced by comments in the state's argument.

Judgment affirmed.

CRIST, P.J., and SIMON, J., concur.