Byron WEBSTER, Plaintiff/Appellant,

v.

STATE of Missouri, Defendant/Respondent.

No. 57903.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 11, 1990.

---

John Klosterman, Columbia, for plaintiff/appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Andrea K. Spillars, Asst. Attys. Gen., Jefferson City, for defendant/respondent.

GRIMM, Judge.

Movant Byron Webster appeals denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. He alleges the mandatory requirements of Rule 29.15(e) were not complied with, in that appointed counsel provided him with no representation. We reverse and remand for appointment of new counsel and for further proceedings consistent with the provisions of Rule 29.15.

The facts relating to movant's charge, trial, and conviction appear in *State v. Webster*, 659 S.W.2d 286 (Mo.App.E.D.1983).

On June 16, 1988, movant filed a pro se Rule 29.15 motion. The motion court's docket sheet minutes for June 27, 1988, say, "Special Public Defender appointed to represent movant. Copies of memo to C.A., Spec. P.D. and movant."

The next entry on the docket sheet minutes is dated December 7, 1989. It says "Conclusions of Law and Order filed. (Motion overruled & denied)."

The record is silent as to what, if anything, movant's appointed counsel did for him. The record does not contain an entry of appearance by any attorney for movant. Nor does the record contain a copy of any correspondence between an attorney and movant, or anything to show that counsel ever contacted movant. Counsel did not file an amended Rule 29.15 motion.

This court has reversed denial of post-conviction motions where motion counsel takes no "affirmative steps on behalf of movant," *Goings v. State*, 676 S.W.2d 64 (Mo.App.E.D.1984), or "when the record [does not demonstrate] the active participation of appointed counsel and no amended motion is filed," *Hirsch v. State*, 698 S.W.2d 604, 605 (Mo.App.E.D.1985). *See also, Parker v. State*, 785 S.W.2d 313 (Mo.App.E.D.1990); *Luleff v. State*, slip op. No. 57489, August 14, 1990 (Mo.App.E.D.).

We need not decide here whether movant has stated legally sufficient grounds for post-conviction relief. "In the absence of some performance by appointed counsel the motion court cannot know whether the pro se pleading can be made legally sufficient by amendment or whether there are other grounds known to movant but not included in the pro se motion." *Id.* at slip op. 3.

We reverse and remand to the motion court for appointment of new counsel pursuant to Rule 29.15(e). Further proceedings, including an opportunity to file an amended motion, shall be held in accordance with Rule 29.15.

PUDLOWSKI, P.J., and KAROHL, J., concur.