**STATE of Missouri, Respondent,**

v.

**John Kevin DALY, Appellant.**

**No. WD 41543.**

Missouri Court of Appeals, Western District.

Oct. 30, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

GAITAN, Judge.

On the evening of December 23, 1987, the Wet Willy's Fireworks store in Hatton, Missouri was robbed by one or two men armed with shotguns. The appellant, John Kevin Daly, was convicted of robbery in the first degree on October 26, 1988, in relation to the robbery of Wet Willy's. Appellant alleges that the trial court erred in: (1) submitting general, instead of time specific, jury instructions; (2) admitting into evidence a shotgun used by an accomplice to the robbery; and (3) allowing the state

to introduce into evidence a written statement made to police by the appellant's alleged accomplice. Appellant also challenges the validity of the post-conviction hearing on grounds of ineffective assistance of counsel.

We affirm.

On December 23, 1987 the Callaway County Sheriff's Department received a call at 7:51 p.m. reporting the robbery. The call was made by Delbert Dye, the sales clerk on duty at the time of the robbery. At trial, the clerk testified in equivocal terms concerning the time interval between the end of the robbery and when the robbery was reported to the sheriff's office but testified that the robbery lasted approximately seven minutes.

At trial and during the state's case-in-chief, prosecutors introduced into evidence a twelve-gauge Beretta shotgun owned by, and recovered from the possession of, appellant's alleged accomplice, David McClatchey. When asked by the court if there was any objection to the introduction of the shotgun, the defense offered none. McClatchey's shotgun was used by the state only in closing argument as an example of the shotgun purportedly used by the appellant.

McClatchey testified in the state's case-in-chief. The defense impeached his testimony on cross-examination with a written statement given to the Callaway County Sheriff's Department on the day of his arrest. McClatchey's statement, which consisted of approximately two handwritten pages, implicated both appellant and himself in the robbery and detailed the events immediately following the robbery. On re-direct by the state, the prosecutor was allowed to introduce the entire statement into evidence.

At the close of all the evidence, the trial court submitted over objection instructions "5" and "6," which were verdict directors for robbery in the first degree and robbery in the second degree respectively. These verdict directors were modeled after MAI–CR3d 304.02, 323.02, and 323.04 and restricted the time frame generally to "on or about the 23rd day of December, 1987...."

The trial court also submitted instruction "7," an alibi instruction submitted by the appellant, instead of alibi instruction "A" alternatively offered by the appellant. Instruction "7" was limited in time only to "December 23, 1987, at the time of the alleged offense." Instruction "A" strictly limited the time frame of the robbery and required the jury to return a verdict of not guilty if it did not believe appellant was at Wet Willy's between "7:30 to 7:42 o'clock p.m."

After the appellant was convicted at trial, he filed a *pro se* motion for post-conviction relief on June 16, 1989, alleging ineffective assistance of trial counsel. As early as July 14, 1989, appellant was appointed counsel. An amended motion for post-conviction relief, however, was not filed until November 7, 1989, one day before the hearing on appellant's motion on November 8, 1989. Despite this late filing, the motion court accepted the amended motion. At the hearing it was discovered that several defense witnesses were not present and had not been subpoenaed by appellant's counsel until two days before the hearing. Appellant's motion for relief was denied.

## I.

The appellant contends that the trial court erred in submitting verdict directors and an alibi instruction not time specific. Specifically, appellant argues that submission of instruction "7," an alternative alibi instruction submitted by appellant, was erroneous and prejudicial. Instruction "7" required the jury to account for appellant's whereabouts within the general time frame of "at the time of the alleged offense." Appellant believes the evidence required instructing the jury that the appellant must be found not guilty if there was "a reasonable doubt that the Defendant was present at Wet Willys in Hatton, Callaway County, Missouri, on December 23, 1987, at 7:30 to 7:42 o'clock p.m...." Second, appellant contends that submission of the verdict directors, instructions "5" and "6," was erroneous and prejudicial because they presented only the general time frame of "on or about the 23rd day of December, 1987"

instead of stating with precise detail the time of the purported offense.

Rule 28.02(f) requires a two-prong showing from the appellant if he is to be successful in seeking to reverse the conviction and receive a new trial on the above basis. First, appellant must show that the trial court failed "to give an instruction or verdict form in violation of this rule or any applicable Notes on Use...." Rule 28.-02(f). Primarily the trial court must use the MAI–CR instructions or verdict forms "applicable under the law and instructions." Rule 28.02(c). Any failure to use the appropriate form or instruction is error. Rule 28.02(f). Second, the appellant must show that this error resulted in a "prejudicial effect." *Id.* Prejudice has been defined as creating a likelihood that the instructions will confuse or mislead the jury. *State v. Ward*, 588 S.W.2d 728, 731 (Mo. App.1979); *State v. Billingsley*, 534 S.W.2d 484, 486 (Mo.App.1975).

■ The first prong requires that the appellant show that instructions "5," "6," and "7" were inapplicable and thus it was error to submit them to the jury. In essence, the appellant contends that the evidence presented was so precise and correct as to the time-frame of the robbery that it supported, and indeed mandated, the giving of verdict directors and an alibi instruction limited to a single twelve minute interval.

■ Appellant has failed to show error as required by Rule 28.02(f). Error in submitting or refusing to submit tendered instructions is measured by an abuse of discretion standard. *Titsworth v. Powell*, 776 S.W.2d 416, 423 (Mo.App.1989) (citing *Butler State Bank v. D & G Constr. Co., Inc.*, 659 S.W.2d 239, 245 (Mo.App.1983)). The trial court's decision to submit general instructions instead of the offered time specific instruction was not erroneous based on the evidence produced at trial. Appellant's claim that the evidence precisely and unequivocally showed the time of the occurrence is unsupported. The vital link in appellant's computational chain concerning the time interval of the occurrence is the testimony of the victim, Delbert Dye. Based on Mr. Dye's testimony, appellant flatly states that the robbery had occurred ten minutes prior to the Sheriff's office being contacted about the robbery at 7:51 p.m. The record, however, indicates substantial uncertainty by Mr. Dye as to this figure. On direct by the state, Mr. Dye stated:

Q. And when you stopped counting, what did you do?

A. The first thing I did was I reacted. It struck me that the only exit I had to go out to get help was out through the door that the person went out of.

Q. Okay. So what did you do?

A. I went out in the parking lot and I tried to wave down some traffic on the interstate and he never did come so I got in my car.

Q. There wasn't much traffic out there?

A. There was traffic out there. Apparently they just didn't care about anybody standing along side the road waving.

Q. I see. How long do you suppose you did that?

A. Oh, I would say no more than five minutes. I was in my car and up to the Texaco Station within 10, 15 minutes of the time the incident finished.

Q. You didn't look at your watch, did you, to time this event?

A. No, ma'am.

Q. And you couldn't tell the jury just precisely when it happened, could you?

A. There is no clock or nothing in the store, no ...

On cross-examination, Mr. Dye indicated:

Q. That call came—now let me rephrase that. The robber had been gone from the store ten minutes when you made that call to the Sheriff, correct?

A. I don't know. Time enough for me to go out and find traffic and go up to the store and make the call, if it's ten minutes.

* * * * * *

Q. And do you remember this answer that you gave at that time. "I was kind of cautious going out the door knowing this person was out—" it says "out there somewhere." I think you

meant could have been out there somewhere, "and I had to go out that door to get help. It was about, I would say, anywhere between 5 and 10 minutes before I proceeded to lock up the door and get in my car and I went up to the gas station at the intersection and called the Sheriff's Department." That would be a fair statement, wouldn't it?

A. Yes. But the call wasn't made ten minutes after he left the store. It was between five and ten minutes by the time I got in my car and then drove up to the station.

Mr. Dye's testimony was far from dispositive on the issue of how much time elapsed between the robbery and the call for help. Rather than confine the jury to a single twelve minute time period based upon inconclusive evidence, the trial court prudently, and correctly submitted the general instructions.

■ Even assuming error by the trial court, Rule 28.02(f) further demands that prejudice result to the appellant from the error. Appellant has failed to demonstrate any resulting prejudice. *State v. Graves*, 588 S.W.2d 495 (Mo. banc 1979), controls this issue:

> The evidence before the jury clearly contrasted the time of the alleged offense and the alibi defense of appellant. This is not a case where the jury could believe that the defendant was where his alibi defense and corroborating witnesses placed him and still believe that the defendant committed the crime in question. The trial court's error in failing to circumscribe the time of day the alleged rape and sodomy offenses were committed did not nullify the appellant's alibi defense. We conclude that the trial court's error was not prejudicial.

*Id.* at 498. As in *Graves*, submission of the general instructions did not foreclose the jury from considering and accepting the appellant's alibi defense nor did it compromise or nullify the effectiveness of the defense.

Appellant's allegation of error on this point is denied.

## II.

Appellant also assigns error to the trial court in admitting into evidence a shotgun used by David McClatchey, and not appellant, during the robbery. Appellant's counsel failed to object and, in fact, stated that there was no objection to introduction of the shotgun.

■ The established rule in Missouri holds that stating "no objection" when evidence is introduced constitutes an affirmative waiver of appellate review of the issue. *See State v. Starr*, 492 S.W.2d 795, 801 (Mo. banc 1973); *State v. Meyers*, 770 S.W.2d 312, 314–15 (Mo.App.1989). Further, where allegations of error are unsupported by objections at trial, appellate review is limited to the standard of plain error. *State v. Petary*, 781 S.W.2d 534, 540 (Mo. banc 1989); *vacated*, — U.S. ——, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) (remanded to the Missouri Supreme Court for further consideration of a jury instruction requiring unanimity for consideration of mitigating factors), *aff'd*, 790 S.W.2d 243 (Mo. banc 1990).

"Whether plain error exists depends on whether this Court finds that a 'manifest injustice' or a 'miscarriage of justice' has occurred." *Petary*, 781 S.W.2d at 540 (citing Rule 30.20; *State v. Preston*, 673 S.W.2d 1, 9 (Mo. banc 1984), *cert. denied*, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984)). Because appellant failed to properly preserve the alleged error for review, "appellant bears the burden of demonstrating that the action of the trial court was not only erroneous, but that the error so substantially imparted upon his rights that manifest injustice or a miscarriage of justice will result if the error is left uncorrected." *State v. Hornbuckle*, 769 S.W.2d 89, 92–93 (Mo. banc) (citing *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc), *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986)), *cert. denied*, — U.S. ——, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). Finally, there is a marked judicial reluctance to invoke the plain error rule and Missouri courts have used the rule only sparingly on a case-by-case basis. *See*

*State v. Koonce,* 731 S.W.2d 431, 442 (Mo. App.1987); *State v. Smith,* 726 S.W.2d 418, 421 (Mo.App.1987).

■ The record does not support appellant's argument that admission of McClatchey's shotgun was error, much less plain error. Appellant's contention of plain error is founded upon the assumption that receiving the weapon into evidence was erroneous because the shotgun was not relevant to the issue of appellant's innocence or guilt. Missouri caselaw does not validate this assumption:

> The evidence is admissible, however, if the weapon is found in the possession of the defendant, *or one of his* criminal associates, and although not specifically identified as the one actually used, is similar in form or character thereto, or the circumstances of the finding justify an inference that the weapon was possibly used.

*State v. Minton,* 782 S.W.2d 134, 137 (Mo. App.1989). *See also State v. Reyes,* 740 S.W.2d 257, 261 (Mo.App.1987) ([W]hen a weapon is found in the accused's possession or the possession of his criminal associates and the circumstances justify an inference that it had been used, it is admissible to show availability of the means of committing the crime in the manner in which it occurred.) *State v. Neal,* 591 S.W.2d 178, 180 (Mo.App.1979) (weapons tending to explain the manner in which a crime was committed and that are found at or near the scene of the crime are generally admissible).

The relevance of evidence is committed to the discretion of the trial court. *See State v. Brown,* 718 S.W.2d 493, 493–94 (Mo. banc 1986); *State v. Driscoll,* 711 S.W.2d 512, 516 (Mo. banc 1986), *cert. denied,* 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). McClatchey's shotgun was connected with the crime, explained the manner in which the robbery was committed, and there has been no substantial argument that McClatchey's shotgun was significantly dissimilar in form and character to the shotgun allegedly used by appellant in the robbery. Therefore, it was not an abuse of discretion to admit the shotgun into evidence.

■ Even if admission of the shotgun is assumed to be error, the appellant has failed to show the existence of plain error. It has not been shown that admission of the weapon or its use in closing argument by the state resulted in "manifest injustice or a miscarriage of justice." *Petary,* 781 S.W.2d at 540.

Appellant's allegations of both error and plain error fail.

### III.

■ Appellant argues that a written statement given to the sheriff's department by McClatchey should not have been admitted into evidence because it was hearsay and provided improper bolstering of McClatchey's in-court testimony.

The substance of the written statement at issue was first introduced by the appellant's attorney during cross-examination of McClatchey:

Q. Now, you earlier told me you made a statement in this case, which was a written statement. Do you recall telling me that?

A. Yes.

Q. You have seen that statement, haven't you?

A. Yes, sir.

Q. Probably reviewed it before you came here today, didn't you?

A. Yes.

Q. You made that statement on January 15 of 1988, didn't you?

A. Yes.

Q. That would have been the same day you were arrested, wasn't it?

A. That's correct.

Q. And you made that statement to Officer Dennis Crane, didn't you?

A. That's correct.

Q. You recall, you recall that in that statement the statement said, "I certify that the facts contained herein are true and correct"?

A. I'm sorry. I didn't understand you.

Q. Do you recall that the statement contained language that said on it "I certify that the facts contained herein are true and correct"?

A. Yes.

Q. And isn't it true that you said in writing in this statement on January 15, 1988, "We went back to my house and I changed clothes. We took Kevin's pickup to the store and got gas where we heard John, last name unknown, talk about a phone call from the Sheriff that the fireworks stand had been robbed." That's what you wrote, wasn't it?

A. Yes, sir.

Q. And today you're saying that Kevin Daily went to the Millersburg store alone, is that right?

A. That's right.

This interaction is clearly an attempt to impeach the testimony of McClatchey. On re-direct, the state was permitted to introduce the entire two page statement into evidence in response to the appellant's use of part of the statement to impeach McClatchey.

■ To provide a remedy to appellant, the reviewing court must find both error and prejudicial effect in the trial court allowing introduction of the written statement. *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990) (citing *State v. Whitley*, 750 S.W.2d 728, 730 (Mo.App.1988)). Neither exists here. The trial court has broad discretion to admit into evidence additional portions of a statement used to impeach a witness. *Ellison v. Simmons*, 447 S.W.2d 66, 70 (Mo.1969); *State v. Ward*, 682 S.W.2d 124, 128 (Mo.App.1984). The limits of this discretion have been consistently defined as those portions of the statement that provide a context for the impeaching statement or show the circumstances under which the impeaching portion was made. *See Ellison*, 447 S.W.2d at 70; *Ward*, 682 S.W.2d at 126. In this case the trial court did not abuse its discretion in allowing admission of the entire statement. Further, the admission of the statement would be harmless error at most. *State v. McMillin*,

783 S.W.2d at 98. This point of appellant's appeal fails.

### IV.

■ On November 8, 1989, a Rule 29.15 evidentiary hearing was held to entertain the appellant's motion for post-conviction relief. The motion court denied the motion to vacate the judgment and sentence. Appellant challenges the validity of this ruling arguing that he received ineffective assistance of counsel from his motion counsel. Specifically, appellant contends that motion counsel both failed to comply with Rule 29.15(f) in not filing a timely motion amending appellant's *pro se* motion for post-conviction relief and also in failing to timely subpoena witnesses to testify at the evidentiary hearing.

The Missouri Supreme Court in *Lingar v. State*, 766 S.W.2d 640 (Mo. banc), *cert. denied*, — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989), was also confronted with an allegation of ineffective assistance of counsel by a post-conviction motion attorney. *Id.* at 640. The Court held that allegations of ineffective assistance of post-conviction counsel will not be entertained on direct appeal of the post-conviction proceedings. *Id.* at 641. This precise holding was reaffirmed by the Court later the same year in *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989) (held that a claim of ineffective 29.15 counsel "is not cognizable in this proceeding"), *cert. denied*, — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). *See also Young v. State*, 770 S.W.2d 243, 245 (Mo. banc 1989) ("A claim of ineffective assistance of counsel, even if it had been raised in the post-conviction proceedings below, 'cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding' "). A literal reading of *Lingar* and *Sloan* would seem to yield an absolute prohibition against appellate review of allegations of ineffective assistance of post-conviction counsel. *State v. Wheat*, 775 S.W.2d 155 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990), further substantiates this literal reading by holding that "claims for relief cognizable under the rule (29.15) may not be con-

sidered when presented for the first time on appeal; this proposition flows from the plain language of Rule 29.15." *Id.* at 157–58 (parenthetical added).

Appellant argues that the decision by this Court in *Luster v. State*, 785 S.W.2d 103 (Mo.App.1990), provides a qualification to the rule stated in *Lingar* and its progeny. Based on *Luster*, appellant contends that the holding of *Lingar* should be abrogated for violations of Rule 29.15(e). *Luster*, as characterized by appellant, "required reversal and remanded for appointment of new counsel and to restart the running of the time limitations for amendment" where motion counsel failed to "adequately perform the duties imposed by Rule 29.15(e)...." This interpretation of *Luster* is overly broad. The holding of *Luster* is narrow and states that appellate review of an allegation of ineffective assistance of counsel is necessary when "the court has summarily dismissed an unamended *pro se* motion" and motion counsel has "totally defaulted in performing his duties under Rule 29.15(e)." *Id.* at 106–07. A similar analysis of appellate review from Rule 29.15 evidentiary hearing was recently adopted by the Eastern District in *Webster v. State*, 796 S.W.2d 79 (Mo.App.1990). In *Webster*, the motion court summarily dismissed the appellant's 29.15 motion for post-conviction relief and there was no evidence that motion counsel took any "affirmative steps on behalf of movant." *Webster*, 796 S.W.2d at 80 (quoting *Goings v. State*, 676 S.W.2d 64 (Mo.App.1984)). The court granted review " 'because the record [does not demonstrate] the active participation of appointed counsel and no amended motion is filed.' " *Webster*, 796 S.W.2d at 80 (quoting *Hirsch v. State*, 698 S.W.2d 604, 605 (Mo.App.1985); also citing *Parker v. State*, 785 S.W.2d 313 (Mo.App. 1990); *Luleff v. State*, No. ED 57489 (Mo. App. Aug. 14, 1990)). Appellant has not shown the facts necessary to trigger application of *Luster*, thus it is not necessary to reconcile the holdings of *Luster* and *Lingar* at this time. The motion court did not summarily dismiss the appellant's motion for post-conviction relief nor did appellant's motion counsel "totally default" in his Rule

29.15(e) duties. The record demonstrates that the motion court held a full evidentiary hearing on appellant's amended motion for post-conviction relief. Further, motion counsel for appellant did file an amended motion that was accepted by the court and did attempt to subpoena witnesses, albeit very late in the proceedings. Therefore, review of the effectiveness of motion counsel under *Luster* is denied.

The judgment of the trial court is affirmed for the aforesaid reasons.

All concur.